AUTHORITY OF GOVERNOR—EMPLOYMENT OF COUNSEL—DRAFTING LAWS.

> The governor has no authority to employ counsel, at the expense of the State, to assist in drafting laws and proposed amendments to the Constitution.

*Mandamus* by Edward Cahill to compel the Board of State Auditors to allow a claim for services as attorney. Submitted March 21, 1901.   Writ denied July 10, 1901.

*Cahill & Wood*, for relator.

*Horace M. Oren*, Attorney General, for respondent.

MONTGOMERY, C. J.   This is an application for *mandamus* to compel the respondent to allow the claim of relator for services as an attorney.   The petition sets out that in the regular legislative session of 1899, in the special session of 1899, and in the special session of 1900, relator, at the request of the governor of the State, prepared a joint resolution submitting a proposed amendment to the Constitution relative to the taxation of railroads and other corporations; that he advised with the governor as to the form of such resolution to be adopted, and with the governor and attorney general as to the legal questions involved in the proposed amendment, and the bills relating to the repeal of the special charters of certain railroad companies.   He was paid for his services at the regular session, having rendered a bill approved by the governor and attorney general; but the attorney general refused to recommend payment for the services rendered at the extraordinary sessions, although the same was approved by the governor.   The petition sets out that this employment was a continuation of the first employment of relator, beginning with the general session.   The answer

denies this, and asserts that the attorney general did not understand that the relator was rendering the services expecting compensation from the State.

The question presented is whether the governor may employ counsel to assist in drafting laws or proposed amendments to the Constitution, and charge the State for such services. We are pointed to no provision of statute authorizing such employment. The Constitution (article 4, § 13) provides that bills may originate in either house of the legislature. Section 14 provides that every bill and concurrent resolution, except of adjournment, passed by the legislature, shall be presented to the governor for his approval, before it becomes a law. Section 8, art. 5, of the Constitution provides that the governor "shall give to the legislature * * * information, by message, of the condition of the State, and recommend such measures to them as he shall deem expedient." These are the only provisions of the Constitution, to which our attention has been attracted, relating to the duties of the governor as to proposed legislation. It is conceived that, when the people elect a governor, it is expected that he will recommend, on his own motion, such measures as his judgment shall dictate, and that it is not contemplated that he may employ others, to whom he will, in any part, delegate these duties. To this end, he is authorized to require information in writing from officers of the executive department upon any subject relating to the duties of their respective offices. Const. § 5, art. 5. And by statute he is authorized to call upon numerous executive officers for special information, and to submit the results of such information to the legislature. He is also, by statute, entitled to ask the attorney general his opinion upon questions of law. 1 Comp. Laws, § 108. But there is no provision of statute authorizing the governor to employ counsel to assist in preparing bills or joint resolutions to be submitted to the legislature. It would seem to be no part of the duty of the governor to prepare such bills or resolutions. The Constitution contemplates that this duty will be performed

by the members of the legislature. Our attention has been called to no case in which such a power has been exercised by the governor, either in this State, or in any of the other States of the Union.

That we may not be misunderstood, it should be stated that by section 6 of article 5 of the Constitution the duty is enjoined upon the governor to "take care that the laws be faithfully executed." As to whether he may, in the absence of statutory authority, employ counsel other than the attorney general, and without the assent of the attorney general, in the performance of this duty of seeing that the laws are faithfully executed, we express no opinion, as that question is not presented by this record. What we do hold is that the governor has not the power to charge the State with the expense of attorney's fees incurred in the effort to change existing laws, and to draft recommendations for submission to the legislature.

We are cited to two cases in which it is held that the governor may employ counsel. The first of these is *State* v. *Dubuclet*, 25 La. Ann. 161. In that case it was held that the governor might authorize an appeal in a case in which the State was interested, to be taken by attorneys other than the attorney general. We have found no statute of Louisiana touching this question, but their constitution contains a provision that the governor shall take care that the laws be faithfully executed, and the case cited may be deemed an authority that for that purpose, and in the discharge of that duty, the governor has authority to appoint an attorney. The other case referred to is *Alexander* v. *State*, 56 Ga., at page 478. That case is rested upon express provisions of the Code, and for this reason it is no authority for the contention of relator. In our view, neither of these cases in any way tends to establish the right of the governor to employ counsel, at the expense of the State, to assist in the performance of duties which the Constitution in terms imposes upon the governor himself.

This view renders it unnecessary for us to express any

opinion as to whether the decision of the board of auditors is final, both as to questions of law and questions of fact, when dealing with a claim not resting upon positive statutory law.

The writ will be denied.

The other Justices concurred.