# Cunningham, Appellant, v. Dunlap.

*Municipalities—Contracts—Cities—Ordinances of councils—Act of May 23, 1874, P. L. 230—Payment for benefits received—Moral obligation—Practice, C. P.—Mandamus—Demurrer—Leave to traverse—Trial.*

1. The manifest purpose of the Act of May 23, 1874, P. L. 230, is to permit city authorities to pay for benefits actually received by a city, although not embraced or provided for in a written contract for municipal improvements. It enables a city to pay an honest debt to a contractor under a written contract if two-thirds of the membership of councils, with the approval of the mayor, feel that it ought to be paid as a moral obligation, though as a legal one it has no existence. But there is no authority in councils to direct extra payment for any work or materials which are included in a written contract with the city. For what is done under such contract the contractor can receive from the municipal treasury only what the contract stipulates is to be paid to him, and councils cannot give him more.

2. Upon the trial of an issue to determine whether the sum named in an ordinance of councils, passed by a two-thirds vote under the Act of May 23, 1874, P. L. 230, to compensate contractors for alleged extra work, includes any items which the appellants were obligated to furnish under their contract for the consideration therein named, the ordinance will make out a prima facie case for the plaintiffs, but if it includes items covered by the contract, they must be deducted from the sum appropriated by councils, which is available to the claimants only for extra work done by them which was not included in nor contemplated by the contract and for which they have not been paid. For whatever may be so due them they will be entitled to be paid out of the appropriation, and a writ of mandamus will be the appropriate process to compel payment, if refused upon demand made.

*Pleadings—Demurrer—Practice.*

3. While a demurrer admits all matters sufficiently pleaded, the court will consider the whole record in rendering judgment, and see that substantial justice is done. Where a demurrer is sustained, in strict practice judgment may be entered on the demurrer, but if it is not sustained the demurrant may have leave to plead over.

4. City contractors who had done work under a written contract with the City of Philadelphia in connection with a filtration plant,

made claim for extra work alleged not to be covered by the compensation provided in the contract, and the city councils by a two-thirds vote of each branch passed an ordinance authorizing and directing the chief of the bureau of water to draw, the director of the department of public works to approve, and the city controller to countersign a warrant in favor of the contractors for the payment of their bill. The chief of the bureau of water having refused to draw the warrant for the sum appropriated, the contractors filed a petition in the common pleas for a writ of mandamus, directed to the chief of the bureau of water, the director of the department of public works and the city controller, commanding the first to draw the warrant, the second to approve it, and the third to countersign it. In their returns to the alternative writ of mandamus, the two latter officers did not deny the averments of the petition, and submitted themselves to the court. The chief of the bureau of water alleged that of the sum claimed by the plaintiffs only a part was rightfully due them on account of extra work, and alleged by an additional and distinct averment that all in excess of that amount was for items included in their contract with the city, and for which it had paid them. The lower court awarded a writ of peremptory mandamus, which was afterward set aside; subsequently plaintiffs filed a demurrer to the returns to the alternative mandamus; this was overruled and judgment was entered for the defendants; from that judgment plaintiffs appealed. *Held,* the demurrer was properly overruled but the court should have granted the plaintiffs leave to traverse so much of the return of the chief of the bureau of water as averred in effect that councils had undertaken to pay them for specific items covered by and included in their contract.

5. In such a case where there is a demurrer to the return to the alternative writ of mandamus, the question of what judgment is to be entered is to be determined from the pleadings alone, and depositions taken in support of and against a petition to intervene filed by a number of residents and taxpayers before the filing of the demurrer should not be considered in such determination.

Mr. Justice MESTREZAT dissents.

Argued May 5, 1913. Appeal, No. 142, Jan. T., 1912, by plaintiffs, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1911, No. 4481, for defendants on demurrer to return to a writ of alternative mandamus in case of Thomas F. Cunningham, George F. Murray, James A. Cunningham and Joseph L. Cunningham, trading as Cunningham & Murray, v. Fred C. Dunlap, Chief of Bu-

reau of Water, Harry A. Mackey, Director of the Department of Public Works, and John M. Walton, City Controller of the City of Philadelphia. Before FELL, C. J., POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Petition for writ of alternative mandamus.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was, inter alia, in entering judgment for the defendants.

*Alex. Simpson, Jr.,* and *Francis Shunk Brown,* of *Simpson, Brown & Williams,* with them *William Findlay Brown,* for appellants.—A municipality can by ordinance passed by a two-thirds vote and approved by the mayor, settle, adjust and compromise a claim against it, part of which is admittedly for extra work and ought to be paid: Bailey v. Philadelphia, 167 Pa. 569; Justice v. Philadelphia, 37 Pa. Superior Ct. 267; Com. v. Walton, 236 Pa. 220; Vare v. Walton, 236 Pa. 467.

*Michael J. Ryan,* City Solicitor, and *Joseph P. Mc-Cullen,* for appellees.—Mandamus is not the proper remedy in this case: Com. v. Rosseter, 2 Binney 360; James v. Commissioners, 13 Pa. 72; Overseers of Porter Township v. Overseers of Jersey Shore, 82 Pa. 275; Phœnix Iron Co. v. Com., 113 Pa. 563; Mercur v. Media Light, Etc., Co., 19 Pa. Superior Ct. 519; Douglas v. McLean, 25 Pa. Superior Ct. 9; Com. v. James, 214 Pa. 319; Com. v. Kessler, 222 Pa. 32; Com. v. Philadelphia, 176 Pa. 588; Kensington Electric Co. v. Philadelphia, 187 Pa. 446.

The ordinance is an unlawful interference with the executive discretion of the director of the department of public works. Mandamus will not lie to control such discretion: Com. v. Warwick, 185 Pa. 623; Kensington

Electric Co. v. Philadelphia, 187 Pa. 446; Com. v. Jenks, 154 Pa. 368; Com. v. Philadelphia, 176 Pa. 588; Dechert v. Com., 113 Pa. 229; Runkle v. Com., 97 Pa. 328; Miller v. Henderson, 212 Pa. 263; Cheetham v. McCormick, 178 Pa. 186; Com. v. Huttel, 4 Pa. Superior Ct. 95; Miller v. Canal Commr's, 21 Pa. 23; Schlaudecker v. Marshall, 72 Pa. 200; Com. v. Cochran, 6 Binney 456.

There was no moral obligation as a basis for the ordinance: O'Rourke v. Philadelphia, 211 Pa. 79; Dechert v. Com., 113 Pa. 229; Runkle v. Com., 97 Pa. 328.

OPINION BY MR. JUSTICE BROWN, October 13, 1913:

On July 2, 1906, Cunningham & Murray, the appellants, entered into a written contract with the City of Philadelphia, known as contract No. 70, for digging trenches and laying water pipe in connection with the Torresdale filtration plant. They made claim for extra or additional work not provided for in the contract, and the city councils, on November 10, 1911, by a two-thirds vote of each branch, passed the following ordinance, which was approved by the mayor on the same day: "An Ordinance to authorize the Department of Public Works to draw and the City Controller to countersign, a warrant in favor of Cunningham & Murray for additional work on Filtration Pipe Distribution System Contract, and authorizing a transfer from the annual appropriation to the Bureau of Highways to the Bureau of Water. Section 1. The Select and Common Councils of the City of Philadelphia do ordain, That the Department of Public Works be authorized and directed to draw, and the City Controller to countersign, a warrant in favor of Cunningham & Murray, in the sum of Fifty-six thousand and seventy-seven ($56,077) dollars and ninety-six (96) cents, for additional work of excavation, pumping, closures, blow-offs, air flanges, moving and rearranging pipe, cleaning out bell holes, repairing leaks, changing lines and grades and testing pipe in the execution of contract No. 70, Schedule No. 3, Filtration Pipe

Distribution System, the said work being necessary in the execution of the contract, but no provision made therefor. Section 2. That the City Controller be authorized and directed to transfer the sum of Fifty-six thousand and seventy-seven ($56,077) dollars and ninety-six (96) cents from Item 24a, for work on the Aramingo System, in the annual appropriation to the Bureau of Highways for the year 1911, to Item 26 (new), in the annual appropriation to the Bureau of Water, to pay bill of Cunningham & Murray as provided in Section 1."

The foregoing ordinance was passed under the authority conferred upon councils by the fifth section of the Act of May 23, 1874, P. L. 230, which provides: "No ordinance shall be passed, except by a two-thirds vote of both councils, and approved by the mayor, giving any extra compensation to any public officer, servant, employee, agent or contractor after services shall have been rendered or contract made, nor providing for the payment of any claim against the city, without previous authority of law." The manifest purpose of the Act of 1874 is to permit city authorities to pay for benefits actually received by a city, though not embraced or provided for in a written contract for municipal improvements. In other words, it enables a city to pay an honest debt to a contractor under a written contract if two-thirds of the membership of councils, with the approval of the mayor, feel that it ought to be paid as a moral obligation, though, as a legal one, it has no existence. But while this is true, it is equally true that there is no authority in councils to direct extra payment for any work or materials which are included in a written contract with the city. For what is done under such contract the contractor can receive from the municipal treasury only what the contract stipulates is to be paid to him, and councils cannot give him more: O'Rourke v. Philadelphia, 211 Pa. 79; Brobst v. Reading, 236 Pa. 627.

The chief of the bureau of water having refused to

draw his warrant for the sum appropriated by councils
for appellants, they filed their petition in the court be-
low on November 16, 1911, for a writ of mandamus di-
rected to Frederick C. Dunlap, chief of the bureau of
water, Harry A. Mackey, director of the department of
public works, and John M. Walton, city controller of the
City of Philadelphia, commanding the first to draw his
warrant upon the city treasurer for the sum of $56,-
077.96, the second to approve it and the third to coun-
tersign it.  In their returns to the alternative writ of
mandamus the two latter did not deny the averments of
the petition, and submitted themselves to the judgment
of the court.  Dunlap, in his return, averred that the
extra work done by the petitioners, outside of their
written contract and not contemplated by it, amounted
to but $12,726.59, which sum he admitted to be due
them, but an additional and distinct averment by him
was that all in excess of that amount, as it appeared
from a statement of claim filed by the petitioners in an
action brought by them against the City of Philadelphia
in July, 1908, and which is still pending, to recover for
extra work, is for items which were included in their
contract with the city and for which it has already paid
them.  On November 27, 1911,—three days after the re-
turn of the appellees—judgment was entered for the
plaintiffs and a writ of peremptory mandamus was
awarded as prayed for.  Two days later—on November
29—a petition was filed by a number of resident taxpay-
ers of the City of Philadelphia, asking that the judgment
be opened and that they be permitted to intervene as
defendants.  On the same day a rule was granted to
show cause why the prayer of the petition should not be
granted, and, after depositions taken by each side had
been filed, the petition to intervene was denied, but the
order awarding the writ of peremptory mandamus was
set aside.  In March, 1912, plaintiffs filed a demurrer to
the returns to the alternative mandamus.  This was over-

ruled and judgment was entered for the defendants. From that judgment we have the present appeal.

The depositions taken in support of and against the petition to intervene, though brought up as part of the record, are not for our consideration, and were not for the consideration of the court below in determining what judgment should be entered. That question was to be determined from the pleadings alone, for there was a demurrer to the returns of the defendants. That of the chief of the water bureau admitted a certain sum to be due to the petitioners for extra work which was not included in their contract, and for that sum a warrant ought to be issued to them. without prejudice to their right to demand the balance of the appropriation. Under the circumstances, when the demurrer was overruled, leave should have been granted the plaintiffs to traverse so much of the return of the chief of the water bureau as avers, in effect, that councils have undertaken to pay them for specific items covered by and included in their contract. While a demurrer admits all matter sufficiently pleaded, the court will consider the whole record in rendering judgment and see that substantial justice is done. Where a demurrer is sustained, in strict practice judgment may be entered on the demurrer, but if it is not sustained, the demurrant may have leave to plead over: Johnson's Pennsylvania Practice, Vol. I, Chap. 32. On a traverse the issue will be, Does the sum named in the ordinance of November 10, 1911, include any items which the appellants were obligated to furnish under their contract for the consideration therein named? While the ordinance will make out a prima facie case for the claimants, if it includes items which were covered by the contract, they must be deducted from the sum appropriated by councils, which is available to the appellants only for extra work done by them which was not included in nor contemplated by the contract, and for which they have not been paid. For whatever may be so due them they will be entitled to be paid

out of the appropriation, and a writ of mandamus will be the appropriate process to compel payment, if refused upon demand made.

The eighth assignment of error is sustained and the judgment reversed, with leave to the appellants to traverse the return of the chief of the bureau of water.

Mr. Justice MESTREZAT dissents.