## Cunningham *v.* Philadelphia, Appellant.

*Contracts—Construction—Court and jury—Extra work—Moral obligation.*

1. Upon an issue raised by the traverse of a return to a writ of alternative mandamus in which the question to be decided was whether a payment directed by the councils of a city to be made to contractors for extra work included items which the contractors were required to furnish under the contract for the city, it was held that the case was for the jury under proper instructions where it appeared that the work undertaken by the city comprised the furnishing of pipe, the digging of trenches and the laying of pipe for its filtration system, that there were one hundred and eighty-eight specifications included in the whole work; that a part only of this work, the digging of trenches and the laying of pipes,

was awarded to the plaintiffs, and that plaintiffs were required to do much work clearly outside of their contract, and that this work was done by the direction of the engineer of the department with the expectation both of plaintiffs and of the engineer that plaintiffs would be paid for it as additional work.

2. In such case it was held that the jury were properly instructed to make an allowance in the nature of damages for the detention of the money which had been appropriated and directed to be paid the plaintiffs by an ordinance of council since although there were legal objections to the plaintiffs' claim for payment for extra work not covered by the written contract, there was a moral obligation on the part of the city to pay it which became a legal obligation when its payment was assumed and directed in the manner provided by law.

Argued March 31, 1914. Appeal, No. 83, Jan. T., 1914, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1911, No. 4481, on verdict for plaintiff in case of Thomas F. Cunningham, George F. Murray, James A. Cunningham and Joseph L. Cunningham, Trading as Cunningham and Murray, v. Fred. C. Dunlap, Chief of the Bureau of Water; Harry A. Mackey, Director of the Department of Public Works, and John M. Walton, City Controller of the City of Philadelphia, and The City of Philadelphia. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for writ of alternative mandamus to compel defendant to draw and execute a warrant in favor of the plaintiffs for the payment of $56,077.96 in accordance with ordinace of Councils of Philadelphia of November 10, 1911. Before DAVIS, J.

The facts are stated in the opinion of the Supreme Court and in Cunningham v. Dunlap, 242 Pa. 341.

Verdict for the plaintiffs for $43,351.37 plus damages for delay to the amount of $7,133.96, and judgment thereon. Defendants appealed.

*Errors assigned* were certain points of charge.

*Edgar W. Lank,* Assistant City Solicitor, with him *Michael J. Ryan,* City Solicitor, for appellants.

*Francis Shunk Brown,* with him *William Findlay Brown,* for appellees.

PER CURIAM, April 27, 1914:

The issue was raised by the traverse of the return to a writ of alternative mandamus and the question to be decided by the trial in the Common Pleas was whether a payment directed by councils to be made to contractors for extra work, included items which the contractors were required to furnish under the contract with the city for the consideration therein named.  See Cunningham v. Dunlap, 242 Pa. 341.  It was admitted that the labor for which a claim was made was furnished and that the price charged was reasonable but it was contended that the trial judge should have decided as matter of law, in view of the specifications, that the work came under the terms of the contract and was not extra work.

Generally it is the duty of the court to determine the meaning of a written contract and if the question had been that of construction merely of an unambiguous written contract the judge should have decided it.  But it was not.  The work undertaken by the city comprised the furnishing of pipe, the digging of trenches and laying of pipe for its filtration system.  There were one hundred and eighty-eight specifications including the whole work and they were prepared, in the words of the written notice to bidders, "mainly to fit case of the entire work of furnishing and laying the pipe being awarded to one contractor."  A part only of this work, the digging of trenches and laying of pipe, was awarded to the plaintiffs but they were required to do much work clearly outside of their contract and they did it by direction of the engineer of the department with the expectation on their part and on his that they would be paid for it as additional work.  An instance is the work of testing pipe,

the cost of which is the largest item of their claim. This was clearly the duty of the person who furnished the pipe and the cost thereof was expressly included in his bid. Because of defective plans, unforeseen difficulties arose and during the progress of the work it became necessary to change the method of doing it and to make numerous departures from the contract by which additional work and expense were imposed on the plaintiffs. To what extent the work done because of these departures was extra work cannot be determined by construction of specifications which applied only in part to the plaintiffs. It was a question for the jury and it was submitted with clear and adequate instructions.

The second contention of the appellant is that the jury should not have been permitted to make an allowance in the nature of damages for the detention of the money appropriated and directed to be paid the plaintiffs by ordinance of councils approved by the mayor. While there were legal objections to the plaintiffs' claim for payment for extra work not covered by the written contract there was a moral obligation on the part of the city to pay it which became a legal obligation when its payment was assumed and directed in the manner provided by law, and for its unjustifiable detention after that time the plaintiffs were entitled to compensation.

The judgment is affirmed.