## Commonwealth ex rel. Bell *v.* Powell, Appellant.

*Mandamus—Act of June 8, 1893, P. L. 345, Sec. 4—Relator—Attorney general—Parties—State highway commissioner—Auditor general—Limit of discretion—Words and phrases "shall" and "may."*

1. Mandamus proceedings to compel the auditor general to draw a warrant upon the state treasurer for the payment of a bill as specified in a requisition of the state highway commissioner, and to compel the state treasurer to pay said warrant and charge the

amount thereof against the fund received from registration and license fees for automobiles under the Act of July 7, 1913, P. L. 672, are properly brought at the relation of the attorney general; the provisions of the Mandamus Act of June 8, 1893, P. L. 345, Sec. 4, that when the enforcement of a public duty is sought the proceeding shall be prosecuted on the relation of the attorney general, but that when the duty affecting a particular public interest of the State is sought "it shall be on the relation of the officer entrusted with the management of such interest" do not necessarily require that such proceedings should be instituted by the state highway commissioner. The word "shall" as used in the last clause of said section, is permissive and is used in the sense of "may."

2. In such case the auditor general and state treasurer are properly joined as defendants; unless they were so joined the relator would have no effective writ.

3. While the auditor general has the right to examine bills presented for his approval before approving the same and drawing his warrant for the amount thereof, and may call for such information as may reasonably be necessary to satisfy his mind that the debt was lawfully created, he cannot arbitrarily refuse to perform the duty, no matter by what law that duty may be imposed; and where he refuses to perform a duty on the ground that such duty is unconstitutionally imposed upon him, performance thereof may be compelled by mandamus, if it appear that the act imposing the duty is constitutional.

*Constitutional law—Constitution of Pennsylvania, Art. III, Sects. 3 and 15—Act of July 7, 1913, P. L. 672, Sec. 10—Validity.*

4. Section 10 of the Act of July 7, 1913, P. L. 672, relating to and regulating motor vehicles, which provides that moneys derived from registrations and license fees, under the provisions of the act, shall be available for the use of the State Highway Department for the purpose of assisting in the construction, maintenance, improvement and repair of state highways, is germane to the subject expressed in the title of the said act and does not violate Sec. 3 of Art. III of the Constitution of Pennsylvania.

5. Said section, imposing certain duties upon the auditor general and state treasurer with respect to the fund derived from the registration and licensing of automobiles, is not thereby rendered unconstitutional; while the auditor general and state treasurer are constitutional officers, their duties are fixed, not by the Constitution, but by the legislature. The fact that the duties of the auditor general and state treasurer were defined prior to the adoption of

146     COM. ex rel. BELL *v.* POWELL, Appellant.

Syllabus—Arguments.          [249 Pa.

the present Constitution, does not prevent the legislature from altering them.

6. Said section does not violate Sec. 15 of Article III, of the Constitution, providing that the general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative and judicial departments of the Commonwealth, interest on the public debt and for the public schools; and that all other appropriations shall be made by separate bills, each embracing but one subject. This provision of the Constitution was intended only to apply to the biennial appropriations made by the legislature out of the general revenues of the Commonwealth; and it has no application to a fund created for a special purpose and dedicated by the act under which such fund is to be created to a particular use. The appropriation of the fund so created continues as long as the act which dedicates it to the particular use remains in force.

Argued Feb. 23, 1915. Appeal, No. 2, May T., 1915, by defendants, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1914, No. 14, awarding mandamus, in case of Commonwealth of Pennsylvania, ex relatione John C. Bell, Attorney General, v. A. W. Powell, Auditor General, and Robert K. Young, State Treasurer of the Commonwealth of Pennsylvania. Before BROWN, C. J., MESTREZAT, POTTER, ELKIN, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Petition for mandamus. Before McCARRELL, J.

The opinion of the Supreme Court states the facts.

The jury found a special verdict upon which the court awarded a mandamus as prayed for in the petition. Defendants appealed.

*Errors assigned* were in refusing to quash the alternative writ and in awarding the peremptory mandamus.

*T. A. Crichton* and *M. Hampton Todd,* for Robert K. Young, State Treasurer, appellant, with them *C. P. Rogers,* for A. W. Powell, Auditor General, appellant.—The writ should not have been issued at the relation of the

COM. ex rel. BELL *v.* POWELL, Appellant.     147

1915.]     Arguments.

attorney general but at the relation of the commission-
er of highways: Com. ex rel. Greene v. Gregg, 161 Pa.
582; Com. v. Mathues, 210 Pa. 372.

The state treasurer is not required to act upon a bill
until after the auditor general has acted, and therefore
there was a misjoinder of defendants.

The Act of July 7, 1913, P. L. 672, in so far as it at-
tempts to appropriate money is contrary to Section 3 of
Article III of the Constitution.

. The provisions of Section 10 of the Act of July 7, 1913,
P. L. 672, do not make legal the appropriations of the
funds deposited in the state treasury derived from
registration and license fees, as required by Sections 15
and 16 of Article III of the Constitution.

*Morris Wolf,* Third Deputy Attorney General, and
*John C. Bell,* Attorney General, with them *William M.
Hargest,* Second Deputy Attorney General, for appellee.
—The proceedings were properly brought on the rela-
tion of the attorney general: Stegmaier v. Jones, 203
Pa. 47; Bellevue Borough v. Penna. R. R. Co., 18 Pa.
D. R. 945.

The word "shall" is used in the Mandamus Act in a
permissive, not in a mandatory, sense and should be con-
strued to mean "may": Anderson's App., 215 Pa. 119;
Lewisburg Bridge Co. v. County of Union & County of
Northumberland, 232 Pa. 255; Commonwealth v. Provi-
dent Life & Trust Co., 9 Pa. D. R. 479; Commonwealth
v. Zillafrow, 207 Pa. 274.

The duty whose enforcement is sought in this pro-
ceeding affects not a particular public interest of the
State, but a general public interest of the State: Com-
monwealth v. Mathues, 210 Pa. 372; State Highway
Commissioner v. Chambersburg & Bedford Turnpike Co.,
242 Pa. 171; Jamison v. Cumberland County, 234 Pa.
621; Commonwealth v. Rowe, 33 Pa. C. C. 1.

The auditor general and state treasurer were prop-
erly joined as defendants: Commonwealth ex rel. Green

148    COM. ex rel. BELL *v.* POWELL, Appellant.

v. Grégg, 161 Pa. 582; Chelten Trust Co. v. Blanken-
burg, 241 Pa. 394; Cunningham v. Dunlap, 242 Pa. 341;
Labette County Commissioners v. United States, 112 U.
S. 217-27; King v. Mayor of Abingdon, 1 Raym 559;
Hicks v. Cleveland, 106 Fed. Repr. 459; Guthrie v.
Sparks, 131 Fed. Repr. 443; People v. Getzendaner, 137
Ill. 234 (34 N. E. Repr. 297) ; Farnsworth v. Boston, 121
Mass. 173.

Section 10 of the Act of July 7, 1913, P. L. 672, does
not violate in any way the Constitution of Pennsylvania.
It contains only one subject, the regulation of motor ve-
hicles, and the title clearly expresses that subject: Reb-
er's Petition, 235 Pa. 622; Booth & Flinn, Ltd., v. Miller,
237 Pa. 297; McGuire v. Philadelphia (No. 2), 245 Pa.
307; Kelley v. Mayberry Township, 154 Pa. 440; Com-
monwealth v. Lloyd, 178 Pa. 308; Gilbert's Est., 227
Pa. 648; Commonwealth v. Charity Hospital of Pitts-
burgh, 198 Pa. 270; Central District & Printing Tele-
graph Co. v. Homer City Borough, 242 Pa. 597; Page v.
Carr, 232 Pa. 371; Leinbach's Est., 241 Pa. 32; Sea-
right's Est., 163 Pa. 210.

The said act does not violate Article III, Section 15,
of the Constitution requiring that appropriations not
proper for the general appropriation bill shall be made
by separate bills, each embracing but one subject: Com-
monwealth ex rel. Green v. Gregg, 161 Pa. 582.

Section 10 of the Act of July 7, 1913, P. L. 672, is a law
and it makes an appropriation within the meaning of
Article III, Section 16, of the Constitution: Ristine v.
Indiana, 20 Ind. 328; Holt v. Cummings, 102 Pa. 212;
McGlone v. Womack, 129 Ky. 274 (111 S. W. Repr.
688) ; Commonwealth v. Denston, 30 Pa. Superior Ct.
631; Commonwealth v. Gibson, 7 Pa. D. R. 386; Com-
monwealth v. Zacharias, 181 Pa. 126; Commonwealth
v. Barker, 211 Pa. 610.

OPINION BY MR. JUSTICE POTTER, April 19, 1915:
This is an appeal from a judgment awarding a writ of

COM. ex rel. BELL v. POWELL, Appellant.     149

1915.]                    Opinion of the Court.

mandamus, commanding the auditor general to draw his warrant upon the state treasurer for the sum of ten hundred and thirty-five dollars in favor of the National Limestone Company, as specified in the requisition of the state highway commissioner, and commanding the state treasurer upon presentation of said warrant, to pay the same, and charge the amount against the fund received from registration and license fees for automobiles under the Act of July 7, 1913, P. L. 672. The first question raised is whether the attorney general is the proper person to act as relator in these proceedings. It is contended that this writ should not have issued at the relation of the attorney general, but at the relation of the state highway commissioner. It is provided in the Mandamus Act of June 8, 1893, P. L. 346, Sec. 4, that, "When the writ is sought to procure the enforcement of a public duty, the proceeding shall be prosecuted in the name of the Commonwealth, on the relation of the attorney general......Provided, further, that when said proceeding is sought to enforce a duty affecting a particular public interest of the State, it shall be on the relation of the officer entrusted with the management of such interest." The distinction intended to be made between a public duty, and a duty affecting a particular public interest of the State is not very clear. The former term is broad enough to include the latter. While it may be said that the duty sought to be enforced in the present case, is one affecting a particular public interest of the State, that is, the maintenance of its system of highways, yet at the same time the duty sought to be enforced is no less a public one. It is to be discharged by the auditor general and state treasurer, two public officers, acting in their official capacity. It is a duty defined by a public statute, to be discharged in compliance with the requisition of the state highway commissioner, another public officer, acting under authority of the same statute. Under the tenth section of the statute the money derived from the registration of motor vehicles and from licenses

150     COM. ex rel. BELL *v.* POWELL, Appellant.

Opinion of the Court.                    [249 Pa.

issued to their drivers is to be devoted to the purpose of
assisting in the construction, maintenance and repair of
state highways upon which the motor vehicles thus regu-
lated are to operate. The system of highways, to which
that section of the statute refers is not something local
or special, but is a matter of general concern: State
Highway Commissioner v. Chambersburg & Bedford
Turnpike Co., 242 Pa. 171. The question here, is as to
which one of two public officers is to prosecute the pro-
ceeding. The requirement that when the duty sought
to be enforced affects a particular public interest, it shall
be on the relation of the officer in charge of such inter-
est, is no more mandatory than the language of the pre-
ceding proviso, which states that in certain cases, the
proceeding shall be on the relation of the district at-
torney of the proper county. Yet in the case of Steg-
maier v. Jones, 203 Pa. 47, it was held, that this proviso
does not prevent the attorney general from acting in
cases where it would be proper for the district attorney
to act, but that either officer may act. We can see no
good reason why in this case, any inconsistency between
the language of the section, and of the proviso under
consideration, should not be removed as suggested by
counsel for appellee by reading the word "shall" as
"may." The principle which justifies this construction
is familiar. It is stated in 2 Sutherland on Stat. Consr.
(2d Ed., 1904), Sec. 640, p. 1155, where it is said: "The
word 'shall' in its ordinary sense is imperative......
But the intent of the act controls, and when the spirit
and purpose of the act require the word 'shall' to be con-
strued as permissive it will be done." In 35 Cyc. L. & Pr.
152, it is said: "It (shall) may be construed to mean
'may' when no right or benefit to any one depends on its
imperative use; when no advantage is lost, when no right
is destroyed, when no benefit is sacrificed, either to the
public or to any individual, by giving it that construc-
tion, or when it is absolutely necessary to prevent irrep-
arable mischief, or to construe a direction so that it

shall not interfere with vested rights, or conflict with the proper exercise of power by either of the fundamental branches of government; and it also means 'may' when used by a legislature in a grant of authority to a court." In Bladen v. Philadelphia, 60 Pa. 464, Mr. Justice SHARSWOOD said (p. 466): "It would not perhaps be easy to lay down any general rule as to when the provisions of a statute are merely directory, and when mandatory or imperative. Where the words are affirmative, and relate to the manner in which power or jurisdiction vested in a public officer or body is to be exercised, and not to the limits of the power or jurisdiction itself, they may and often have been construed to be directory." In the present case we think that the provision that a proceeding to enforce a duty affecting a particular public interest, shall be on the relation of the officer in charge of that interest, may well be regarded as directory in character, and that either such officer, or the attorney general under his direct authority to enforce the performance of a public duty may act as relator. The provision does not relate to the substance of any duty to be performed, but it merely designates an officer who is to act. The important thing, is the enforcement of a duty affecting the public interest. Whether it be the hand of one officer or another that sets the machinery of the law in motion for that purpose, is of no great moment. We see no reason to differ with the conclusion reached by the court below, that this suit was properly brought on the relation of the attorney general.

That the auditor general and the state treasurer were under the circumstances properly joined as defendants cannot be seriously questioned. The purpose is to compel the performance of an official duty which requires successive but interdependent action by the two officers. Unless they are joined, the relator will have no effective writ. The principle which authorizes such joinder is thoroughly justified, and well illustrated in Labette County Commissioners v. United States, 112 U. S. 217,

152    COM. ex rel. BELL *v.* POWELL, Appellant.

Opinion of the Court.            [249 Pa.

and in Com. ex rel. Green v. Gregg, 161 Pa. 582; Chelten Trust Co. v. Blankenburg, 241 Pa. 394; Cunningham v. Dunlap, 242 Pa. 341.

The reason given by the state treasurer for his refusal in this case to pay a warrant based upon the requisition of the state highway commissioner, was his belief that the 10th section of the Act of July 7, 1913, P. L. 672, is unconstitutional. It is contended on his behalf that this particular section of the act is in violation of sections 3 and 15, of Art. III, of the Constitution. The first of these reads as follows: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title." Section 15 is in this language: "The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative and judicial departments of the Commonwealth, interest on the public debt, and for the public schools; all other appropriations shall be made by separate bills, each embracing but one subject." Does the act under consideration contain more than one subject, and if but one, is that subject clearly expressed in the title? The general subject of the act is the regulation of motor vehicles, and that subject is clearly expressed in the title. Of the twenty-four sections of the statute, the only one that is questioned as not being sufficiently indicated in the title, is the tenth, and that provides for the disposition of the fund derived from registration fees, and from license fees imposed by the act in question. The suggestion that provisions in the statute for granting licenses, and for disposing of the money received from the grant, are not germane to each other, seems to us to be without force. Having as part of the system of regulating the operation of motor vehicles on the state highways, provided for the imposition of registration and license fees, nothing would follow more naturally than a direction as to what disposition should be made of those fees. In this instance, the legislature directed that

COM. ex rel. BELL *v.* POWELL, Appellant.     153

1915.]                    Opinion of the Court.

after the collection by the state highway department, the fees should be paid into the state treasury for safe keeping, and should be placed in a separate fund, to be available for the use of the State Highway Department, upon requisition of the state highway commissioner. The general subject dealt with by the act is the regulation of motor vehicles, in their operation upon the public highway. As an essential element in this regulation, registration and the payment of license fees were required. Clearly the disposition of such fees, paid as an incident to the system of regulation, was a matter closely allied thereto, and naturally to be considered by the legislature in connection with the main purpose of the act. The statute would have been incomplete, had it required the payment of fees, without providing for any disposition of them. No argument should be required to show that provisions for attaining various objects, which relate to the general subject of the bill, may be dealt with by its terms, without laying it open to the charge of containing more than one subject. A law may relate to but one subject, the liquor traffic for instance, which it may regulate in various ways, and thereby accomplish several objects. In the present case the law relates to motor vehicles, and it regulates them in a number of particulars, with the result, that a number of objects are incidentally accomplished, one of which is the creation of a fund to assist in the construction and repair of the highways, upon which the motors are operated. This particular object falls within the approved limits, as defined in our cases, such as Reber's Petition, 235 Pa. 622; Booth & Flinn, Ltd., v. Miller, 237 Pa. 297. In the latter case, an act of assembly made an appropriation of money to a hospital, and contained provisions requiring as a prerequisite to payment, the investment of a much larger sum by the hospital, and the execution of an obligation agreeing that in case of nonuser, or use for private purposes the amount of the appropriation should be refunded. And a further pro-

154     COM. ex rel. BELL *v.* POWELL, Appellant.

Opinion of the Court.          [249 Pa.

vision that the amount of the appropriation should be made a lien on the premises. Yet all these objects were held to be germane to the one general subject of the legislation. We see no room for distinction in principle between that case and the present one, in so far as the matter of the law containing more than one subject is concerned. Nor is there any merit in the suggestion that the title is defective. In the title the words "providing for the disposition of fees collected" certainly give reasonable notice of the disposing clause of section ten, and invite examination thereof by any one interested. It is further suggested that the act offends against section fifteen of the Constitution which provides that "all other appropriations shall be made by separate bills, each embracing but one subject." There are two answers to this contention, each equally persuasive and both conclusive of the question involved. The first is that the Act of 1913 was a separate bill when it was considered by the legislature and it contains only one subject within the meaning of the organic law as we have already pointed out in this opinion; the second is that this provision of the Constitution was only intended to apply to the biennial appropriations made by the legislature out of the general revenues of the Commonwealth. It has no application to a fund created for a special purpose and dedicated by the act under which such fund is to be created to a particular use. The appropriation of the fund so created continues as long as the act which dedicates it to a particular use remains in force.

Counsel for appellants also contend that section ten infringes upon the constitutional functions of the auditor general and state treasurer. The answer to this is, that while these officers are named in the Constitution, yet their duties are not therein defined. That was left to the legislature. That body did define the duties of these officers, prior to the present Constitution, in the Act of March 30, 1811, 5 Sm. L. 228, and it is suggested that in adopting the present Constitution the continuance of

those duties was contemplated.   It must be admitted, however, that as the legislature originally prescribed those duties, it has power to alter them, and an act making such alteration cannot for that reason be held to be unconstitutional.   Aside from that, we do not see that the effect of the section in question is, to take away from the auditor general or state treasurer any power that either of them possessed.   It merely provides that a certain fund, over which these officers had no previous control, shall be paid into the state treasury "for safe keeping," and kept there as a separate fund.   It also prescribes the manner in which it is to be withdrawn from the treasury.   It is suggested that in the appropriation the specific amount of money should have been named. This criticism is directly answered by the decision in Com. v. Barker, 211 Pa. 610, where a municipal ordinance, appropriated a certain fund not yet received and uncertain in amount.   Mr. Chief Justice MITCHELL there said (p. 613) : "All the essentials of a valid appropriation are here, and in the absence of a constitutional or legislative restriction as to form the city councils may put their mandate in any form they choose.   All that is necessary is that the language should clearly express their intent to make an appropriation: Com. ex rel. v. Gregg, 161 Pa. 582."   In the case at bar, the act fixes the maximum, beyond which the payments cannot go, that being the total amount of the moneys paid into the state treasury under its provisions.   The auditor general is expressly forbidden to draw his warrant in payment of any requisition which exceeds the amount in the "separate fund" at the time it is made.   The statute does not provide that the money derived from registration and license fees shall be paid into the state treasury generally, so as to become part of the general revenues of the Commonwealth.   The state treasury is merely made a depository for such fees.   They are to be paid into it "for safe keeping" and are to be "placed in a separate fund" available for the use of the State Highway Depart-

156      COM. ex rel. BELL *v*. POWELL, Appellant.

Opinion of the Court.                    [249 Pa.

ment.  The act then expressly appropriates or dedicates
the fund to be thus created to the construction, main-
tenance, improvement and repair of the highways.  That
the legislature has the power, in the absence of any con-
stitutional limitation to the contrary, to provide for the
creation of a special fund for a particular use and to
dedicate the fund so created to the use intended, will not
be seriously controverted by any one familiar with the
subject.  Our Constitution contains no provision limit-
ing the power of the legislature in this respect, and in-
deed such power has been exercised without challenge
many times both before and since the adoption of our
present Constitution.  When a fund is thus created and
dedicated to a particular use by an act of assembly,
which provides for its safe keeping and prescribes how it
shall be made available, no further legislation is needed
to make the act effective.  Whether it be called an ap-
propriation, or a dedication of a particular fund, makes
no essential difference, because the fund being set apart
for the specified use must be so held and paid out in the
manner prescribed as long as the act which provides for
its creation remains in force.  The requirements of Sec-
tion 16, Art. III, of the Constitution, that "no money
shall be paid out of the treasury, except upon appropri-
ations made by law, and on warrant drawn by the proper
officer in pursuance thereof," simply means that the pub-
lic funds are not to be expended in any way except as
directed by the law-making power.  In so far as the
present case is concerned, there is no occasion to con-
sider whether the Act of 1913, under which automobile
license fees are paid, deprives the auditor general and
state treasurer of any of their functions under the Act
of March 30, 1811, 5 Sm. L. 228.  The bill involved in
this litigation was presented to the auditor general for
his approval accompanied by a requisition for the
amount of the same.  This gave the auditor general the
right to examine the bill before approving the same and
drawing his warrant for the amount.  Clearly, it was

COM. ex rel. BELL *v.* POWELL, Appellant.    157

1915.]                    Opinion of the Court.

within his province to say whether the expenditure was made in accordance with the provisions of law, and to call for such information as he could reasonably require to satisfy his mind that the debt was lawfully created before drawing his warrant in favor of the claimant. He was given this opportunity but declined to act, upon the ground that the tenth section of the Act of 1913 was unconstitutional. He was mistaken in this position as appears from what has been hereinbefore stated. He did not refuse to draw his warrant because the expenditure had not been properly made, or because the State Highway Department did not have power to make the contract, or for the reason that the amount demanded was in excess of the contract price, or that any collusion was shown in the awarding of the contract, or because the bill was not meritorious. He simply stood upon the ground that the Act of 1913 was unconstitutional and that there was no lawful authority to warrant the payment. Under such circumstances it has been frequently held that mandamus will lie to compel the accounting officers of the Commonwealth to perform their duty, and this remedy is just as applicable to compel the performance of a duty under the Act of 1811, as under the Act of 1913, or any other statute. No officer can arbitrarily refuse to perform a duty no matter by what law that duty may be imposed. The Act of 1913 requires the auditor general upon the requisition of the state highway commissioner to draw his warrant upon the state treasurer for the amount specified in the requisition, but in the exercise of this power there is necessarily implied the right to make inquiry, and if necessary, to call witnesses for the purpose of obtaining such information relating to the expenditures as to justify the drawing of the warrant. But such information must relate to the merits of the bill presented for payment and to the question whether the law authorizes such expenditures. The legislature did not intend that the accounting officers should have supervision of the state

highways, or it would not have provided for the appointment of a state highway commissioner with ample power to construct, maintain and repair these highways. ·

The assignments of error are overruled, and the judgment is affirmed.