## Commonwealth ex rel. v. Zawodniak

*John H. Dando* and *Charles Rozmarek*, for petitioner.
*Frank A. McGuigan* and *Benjamin R. Jones, Jr.*, for respondent.

JONES, J., May 11, 1931.—Petition at the instance of the district attorney for a peremptory mandamus upon Leonard Zawodniak, the duly elected and qualified tax collector of the Borough of Larksville, requiring and directing him to pay over to the borough treasurer certain moneys and taxes due the borough and claimed to be withheld, a return by respondent to the writ, and a demurrer to the return by the petitioner.

No question is raised as to the right of the district attorney to institute these proceedings. It is provided in the Mandamus Act of June 8, 1893, P. L. 346, section 4, that "when the writ is sought to procure the enforcement of a public duty, the proceeding shall be prosecuted in the name of the Commonwealth, on the relation of the attorney general. . . . Provided, further, that when said proceeding is sought to enforce a duty affecting a particular public interest of the state, it shall be on the relation of the officer entrusted with the management of such interest." As was said in Com. ex rel. Bell *v.* Powell, 249 Pa. 144, "the distinction intended to be made between a public duty and a duty affecting a particular public interest of the state is not very clear. The former term is broad enough to include the latter. While it may be said that the duty sought to be enforced in the present case [a proceeding commanding the auditor general to draw his warrant upon the state treasurer for certain amount as specified in the requisition of the state highway commissioner] is one affecting a particular public interest of the state, that is, the maintenance of its sys-

tem of highways, yet at the same time the duty sought to be enforced is no less a public one. It is to be discharged by the auditor general and state treasurer, two public officers, acting in their official capacity. It is a duty defined by a public statute to be discharged in compliance with the requisition of the state highway commissioner, another public officer, acting under authority of the same statute."

The duty here sought to be enforced is a particular public interest of the municipality and the officer entrusted with the management of such interest is the borough treasurer, the proper officer to receive the money from the tax collector, and he, in our judgment, should be the relator, but the question not having been raised, we will dispose of the case upon its merits.

While a demurrer admits all matters sufficiently pleaded, the court will consider the whole record in rendering judgment and see that substantial justice is done: Cunningham v. Dunlap, 242 Pa. 341.

*Facts*

1. Leonard Zawodniak, defendant, is the duly elected and qualified tax collector of the Borough of Larksville, and William T. Kelly is the duly appointed treasurer of the borough, and both qualified according to law to perform all duties of their offices.

2. The defendant tax collector, on or about December 8, 1930, received, as collector, from the Hudson Coal Company, a taxpayer, the sum of $23,762.78 as borough taxes, and after proper deductions refused to pay over $18,375.35 thereof to the borough treasurer, and by proper resolution the borough authorities directed its solicitor to institute these proceedings against the defendant for the payment of said sum.

3. The Commonwealth of Pennsylvania has instituted suit in the Court of Common Pleas of Dauphin County against the Borough of Larksville for the sum of $10,650, due and payable on default of the borough in payment of certain coupon bonds issued by the borough (immaterial in the disposition of this case but found because requested).

4. Respondent paid said amount of $18,375.35 to the Plymouth National Bank on December 9, 1930, in payment of seventy-eight borough orders, duly issued and made payable by the borough officials, pursuant to corporate action, the said orders being signed by the president and secretary of the council, some by the present borough treasurer, William T. Kelly, and the others by his predecessor in office, and all orders approved by the controller and payment made to the bank pursuant to the direction of the borough treasurer and the borough officials.

5. A sample or type of order thus paid is as follows:

No. 999                 Larksville, Pa., May 6, 1930;

TREASURER OF LARKSVILLE BOROUGH

Pay to the order of Andrew Mutco $140.00, One Hundred and forty and no/00 Dollars.

Town Council of Larksville Borough

In payment of bill dated

5/5/30             By Daniel Blaine, President.

For salary for April.       Harry Reese, Secretary.

Approved M. M. Roan, Controller.

Endorsement

Andrew Mutco.

FIRST NATIONAL BANK
Payable at
Plymouth, Pa.
W. T. Kelly, Treasurer.

## Discussion

It is conceded that the $18,375.35 in controversy is not in the possession of respondent, but was paid by him to the Plymouth National Bank in payment of seventy-eight borough orders duly issued and pursuant to the following arrangements:

Some time prior to December 1, 1930, the borough being in need of funds for the payment of above orders, the president of the borough council, acting for and on behalf of the council, the borough controller, the borough treasurer and respondent, met with the cashier of the Plymouth National Bank and its attorney at the bank, and it was then and there agreed that if the bank would advance the money for the payment of said orders, the officials would direct the tax collector, upon the payment of the above sum of money by the Hudson Coal Company to the respondent, as taxes, to pay the said sum directly to the bank to reimburse it in the payment of said orders; that upon the faith of that agreement, the bank, the designated depository of the borough funds, accepted the seventy-eight orders, paid the moneys represented therein, held the orders and upon receipt of the money from the tax collector, applied the same in payment of the orders in accordance with the promise, stipulation and agreement herein referred to and made by the borough officials.

Petitioner relies solely on the provisions of section 1309 of the General Borough Act of May 4, 1927, P. L. 519, which provides that the tax collector shall collect the taxes charged in the duplicate and pay over the same to the borough treasurer, after deducting his commission for the collection thereof, and it is the duty of the borough treasurer to pay the same upon orders coming to him which are valid on their face, but here we have a case in which all of the municipal officers agreed, in order to assist the municipality in the speedy payment of its duly issued and authorized municipal orders, that if the bank would pay said enumerated orders, the Hudson taxes would be paid into the bank as the borough depository and the tax collector was directed by the borough treasurer to pay it into the bank and the bank was to apply it upon the money advanced for payment of said orders.

It is not necessary in this proceeding to decide if such an arrangement is legal, but we do determine that to permit the borough officials to revoke and repudiate their agreement would be unjust and inequitable, bordering upon fraud and dishonesty.

Judge Gibson, in Com. v. Mitchell et al., 2 P. & W. 517, stated that a writ of mandamus involves an exercise of extraordinary powers which fit it for use only in extraordinary cases where there would otherwise be a failure of justice.

To grant this mandamus would defeat justice.

In a similar case—Com. v. Joyce, 16 Luzerne Legal Reg. 592—A, contractor, doing work for a municipality, gave an order to B on the city treasurer, by which order A obtained credit for materials necessary to carry out his contract, and before payment to B, A revoked the order without having paid B's claim, and upon a demand by A for direct payment of the balance due on the contract and refused by the city controller, petition for a mandamus by A to compel the city controller to pay the money, balance on the contract, without regard for the order he had given B, was refused, the court stating that "honor and common honesty demand that he stand by his order," citing Com. ex rel. v. Henry, 49 Pa. 530.

The duty sought to be enjoined here is the payment of money, and irrespective of the merits of the case, the respondent answers that the fund or money is not in his hands; it was paid by direction of the borough authorities to the

bank. We are asked to direct a mandamus to compel respondent to pay over moneys not in his possession. Whether the payment to the bank was legal can be determined in another proceeding.

Petitioner has an adequate and specific remedy at law, and the rights of the petitioner rise no higher than those of the borough treasurer, and if he were the petitioner, he would be estopped in this proceeding from attempting to repudiate the payment to the bank upon his own direction.

For the reasons herein stated, the petition for mandamus is denied, petitioners having a specific and adequate remedy at law for the settlement of the controversy involved in this proceeding.

From Frank P. Slattery, Wilkes-Barre, Pa.