## Murphy v. Momeyer

*S. Y. Rossiter*, for plaintiff.
*English & Baker*, for defendant.

EVANS, P. J., July 9, 1951.—In this action plaintiff asks the court to issue a peremptory writ of mandamus commanding defendant to forthwith approve for pay-

ment plaintiff's salary as solicitor for the City of Erie from March 13, 1951, and thereafter; also to reimburse plaintiff for expenses in the amount of $72.73 incurred because of official city business attended to by plaintiff in Scranton, Pa., during the month of March 1951; also to approve payment of plaintiff's last retirement check in the sum of approximately $104, which was due March 25, 1951.

From the pleadings and testimony we make the following findings of fact:

1. Plaintiff was appointed city solicitor by the Council of the City of Erie by resolution passed March 13, 1951.

2. At the time of his appointment plaintiff was receiving retirement or pension sums due him under City Ordinance Bill 8255, enacted June 25, 1946, which for its authority refers to Act No. 362, approved May 23, 1945.

3. Ordinance Bill No. 8193, passed and approved May 23, 1944, and providing for a pension or retirement compensation under the provisions of the Act of June 23, 1931, P. L. 932, was specifically repealed in Ordinance No. 8255.

4. Kenneth W. Momeyer, Finance Director of the City of Erie, has refused to approve for payment the salary of plaintiff since March 13, 1951, expenses of $72.73 incurred under direction of council, and plaintiff's last retirement check due March 25, 1951.

5. On March 13, 1951, plaintiff wrote to Carl A. Mattis, secretary, Officers and Employees Retirement Board, a letter in which he stated inasmuch as he had been appointed city solicitor he was no longer eligible to receive retirement payment from the Officers and Employees Retirement Fund.

The first question for consideration is as to whether or not defendant, because of his official position as director of finance, can refuse to approve payment of

salary and thereby have determined plaintiff's eligibility for reëmployment as city solicitor after becoming a beneficiary under the pension or retirement system established for employes who have served the city for the required number of years. It is admitted that the refusal is based solely on the contention that under the provisions of the Act of 1931, supra, plaintiff is ineligible for appointment and therefore the resolution of council making such appointment was contrary to law.

Section 4353 of the Act of June 23, 1931, provides:

"Beneficiaries of Fund not to be Employed by City.—No person or persons who shall have become a beneficiary shall be employed by the said city in any capacity, excepting in an office elected by popular vote, but during any such elected term he or she shall not be entitled to a pension." Contention of the defendant is that this clause is carried forward and is effective under the provisions of the Act of May 23, 1945, P. L. 903, supra, section 15 of which provides: "It is the intent of this act to permit cities of the third class to adopt a new Municipal Officers and Employees Retirement System, and does not affect the provisions of the act of June twenty-third, one thousand nine hundred thirty-one (Pamphlet Laws nine hundred thirty-two), Article forty-three, sections four thousand three hundred forty to four thousand three hundred fifty-three, inclusive, or existing firemen and policemen pension systems."

We are of the opinion that defendant may properly raise the question involved in this proceeding. The Act of 1931, still effective as to the finance director's duties, provides that:

"Whenever a warrant on the treasurer shall be presented to the director of finance to be countersigned, the person presenting the same shall be, by the director of finance, required to produce evidence: (1) That the

amount expressed in the warrant is due to the person in whose favor it is drawn. (2) That the supplies or services for payment of which the warrant is drawn have been furnished or performed according to law and the terms of the contract, if any."

Contention is made that defendant's duty was purely ministerial in character, permits the use of no discretion, and is not a method by which the eligibility of plaintiff may be determined. There is a great deal of authority to the effect that where there are conflicts of claimants pertaining to right to office and where the constitutionality of a law as to the appointment or election is questioned, the right to such office must be tested by quo warranto proceeding. We are convinced, however, that Comonwealth ex rel. LaFean v. Snyder et al., 20 Daup. 297, properly states the law applicable to the facts here involved. There the court said:

"We are well aware of the general rule that the title to an office may not be determined in a proceeding by mandamus but the present appears to be an exceptional case. The substantial end sought by this proceeding is the payment to the Relator of the salary attached to the office. The right to the salary depends upon his lawful incumbency in the office, not upon the fact that he has performed its duties. In such case it would seem that the question of title must be settled before the right to the salary can be determined. And where there is no other claimant to the office and the facts are not in dispute and there remains for decision only a question of law, there is every reason why the validity of the title should be considered and determined."

On appeal in that case, the Supreme Court refused to consider this conclusion for the reason that it was not raised among the assignments of error: Commonwealth ex rel. LaFean v. Snyder et al., 261 Pa. 57.

The duties of the finance director set forth in the Act of 1931, supra, include the scanning of any warrant to determine whether the services for which it was drawn were performed according to law. If this appointment were of a person not a lawyer defendant could refuse to approve payment of any salary to him. If his salary had not been fixed by ordinance, or he had not filed a bond as required by law, defendant could refuse to countersign a warrant for payment of his salary.

In Commonwealth ex rel. Bell v. Powell, 249 Pa. 144, referring to the responsibility and duty of the Auditor General, equally applicable here in view of the responsibility placed on defendant under the Act of 1931, it is stated:

"Clearly, it was within his province to say whether the expenditure was made in accordance with the provisions of law, and to call for such information as he could reasonably require to satisfy his mind that the debt was lawfully created before drawing his warrant in favor of the claimant."

In summary, we conclude that if plaintiff could not be appointed and function as city solicitor, any contract employing him in that capacity would be contrary to law and the refusal to countersign a warrant for such salary proper.

The second question for determination is as to whether or not the Act of 1931, supra, forbidding re-employment of persons who are on the pension rolls, renders plaintiff's employment illegal and therefore void. The Act of 1945, as drawn, should have but did not leave the answer to our problem free from doubt.

Under such circumstances the finance director very properly questioned plaintiff's right to serve as city solicitor and delayed payment of his salary until plaintiff's right thereto was legally determined.

The Act of 1931, supra, did not merely authorize municipalities to adopt pension plans of their own choosing and provide that any pensioner thereunder was barred from subsequent employment by such municipality. That act created a complete but optional retirement system with every detail as to its operation and effect included. The only provision against reemployment was directed to those persons who after the municipality accepted the plan were drawing from the fund established under that act.

The Act of 1945 created another and very different retirement system, also optional. Plaintiff retired after adoption by the city of the system set up under this act. It included officers as well as employes, changed the percentage of contribution to be made by the officer or employe, and fixed an age at which retirement under the act was compulsory. It contains no prohibition against rehiring, and we see no reason why it should. A former employe should be available to a municipality if reëmployment is mutually agreeable. The act should have had a provision suspending retirement payments during the period of reëmployment, but, in our opinion, that result will nevertheless here obtain.

In McBride v. Allegheny County Retirement Bd. et al., 330 Pa. 402, though by dicta only, the court logically reasons: "Where one has been employed by one of the units of government, has been placed upon the retired list, and is then re-employed by the same political unit, there is much room for argument that he should not be entitled to receive a retirement allowance and compensation on his return to service. These laws must be construed equitably in the interest of the State and the employe. It is evident that Retirement Act did not intend a different result, and that one re-employed in the same position from which he had retired cannot be considered 'retired'."

The intent of section 15 of the Act of 1945 was to continue in force the employes' retirement system created under the Act of 1931 for the benefit of the municipalities and their employes who elected to operate thereunder.

And now, to wit, July 9, 1951, a writ of peremptory mandamus shall issue directing defendant to countersign all warrants for payment of salary now due or to be due plaintiff while serving as city solicitor; also warrants for payment of expenses paid by plaintiff, in the amount of $72.73; also that portion of his retirement pay due as of March 13, 1951. The costs of these proceedings shall be paid by the City of Erie.