## Bready v. Upper Moreland Township

*Gilbert P. High, Jr.*, of *High, Swartz, Roberts and Seidel*, for plaintiff.

*Raymond Jenkins*, of *Jenkins, Tarquini and Jenkins*, for defendant.

VOGEL, *J.*, January 30, 1978—Plaintiff, Daniel S. Bready, brought this action in mandamus on February 27, 1976, to compel issuance of a building permit by defendant, Upper Moreland Township.

Seeking to construct a three-unit townhouse on a sub-size lot, plaintiff applied to the zoning hearing board of Upper Moreland Township for the necessary variances. A hearing was held on June 13, 1974, wherein plaintiff orally waived his right to a decision within 45 days. By an undated letter, mailed sometime in August, 1974, plaintiff officially waived the 45-day limit. (Ex. P-2)

Although plaintiff informally asked members of the board for a decision, no official action was taken by either plaintiff or defendant during the next 15 months. However, by letter of December 9, 1975, plaintiff withdrew his waiver, and requested a decision on the June 3, 1974, hearing. (Ex. P-3)

Because the board did not thereafter render a decision within 45 days or even respond to his letter, plaintiff presumed that his plans were deemed approved, so he applied for a building permit on January 26, 1976. The township building inspector rejected the permit application on February 3, 1976, and on February 27, 1976, plaintiff filed this suit in mandamus. A hearing was held before the undersigned on April 15, 1976.[1]

---

1. This court has delayed this decision awaiting a possible resolving of this matter between the parties, which did not occur, and then for briefs of counsel, the most recent being received from plaintiff on October 14, 1977, and the reply brief from the township on November 28, 1977.

The central issue is whether mandamus is appropriate under these circumstances. We find that it is. Section 908 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P.L. 805, as amended, 53 P.S. §10908, reads in relevant part:

"(9) The board . . . shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days after the last hearing before the board. . . . Where the board fails to render the decision within the period required by this subsection . . . the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time."

As the words of the statute indicate, the oral waiver of the 45-day limit was ineffective, not providing the board with justification for a late decision. See, Thornbury Corp. v. Zoning Hearing Board of Upper Uwchlan Township, 23 Chester 170 (1974). However, the undated letter from plaintiff did effectuate a valid waiver, allowing the board to take a longer time to make its decision. (Ex. P-2). Fifteen months is more than enough time to render a decision so once plaintiff withdrew his waiver by the letter of December 9, 1975, sent by certified mail, the board had 45 days to decide the case, or no later than January 25, 1976.

The board's failure to decide within the next 45 days creates a conclusive presumption of approval in favor of the applicant: Humble Oil and Refining Co. v. East Lansdowne Borough, 424 Pa. 309, 227 A. 2d 664 (1967); Foltz v. Monroeville, 5 Pa. Commonwealth Ct. 304, 290 A. 2d 269 (1972). The fact that the board subsequently renders a decision is irrelevant.

In Humble Oil, supra, a hearing on a building permit was held on May 26, 1966. A second hearing scheduled for May 31, 1966, was cancelled by defendant borough. An order denying the application dated August 8, 1966, was sent to plaintiff on August 11, 1966. Meanwhile, on August 10, plaintiff filed a complaint in mandamus to compel the borough to issue the building permit. The Supreme Court held that plaintiff had a right to the permit since the application was deemed approved 45 days from May 31, 1966, at the latest.

Similarly, in Foltz, supra, the Commonwealth Court, adopting the lower court's opinion, made it clear that the expiration of 45 days without a decision creates a conclusive presumption of approval. The fact that the zoning board had denied plaintiff's application on the 46th day was considered inconsequential.

This court cannot ignore the clear mandate of both section 908(9) and the case law. Unless defendant's other arguments have merit, plaintiff's building permit application has been deemed approved and the writ of mandamus should issue.

Defendant first contends that plaintiff is guilty of laches, and not deserving of this extraordinary equitable relief, because he waited 15 months to insist upon a decision. Both plaintiff and defendant insist that the waiver of the 45-day limit was for the other's benefit. Two considerations, however, convince us that the 15-month hiatus cannot operate to prevent plaintiff from enforcing his right.

First, the obligation to act was on the board, not on plaintiff. It is not as if plaintiff simply offered the waiver and thereafter ignored the matter. He met, on an undisclosed date, with members of the board for an on-site inspection, and plaintiff followed up

on a suggestion by the board that he investigate the possible purchase of an adjoining lot. Moreover, plaintiff evidently made repeated informal inquiries of board members regarding the disposition of his application. Secondly, this action was instigated by the board's failure to act within 45 days of the withdrawal of the waiver, not from the 15-month delay itself. In fact, the board did not even bother to respond to the letter. Quite simply, the board failed to act within the mandatory time, whereupon plaintiff became entitled to a building permit.

Defendant raises one additional argument, that plaintiff has failed to join an essential party, namely the building inspector, who physically issues the building permit. In support of its contention, defendant points to the rules of civil procedure and case law which would indicate that the building inspector should be joined to provide complete relief.

Pa.R.C.P. 1094 reads:

"(a) When an action is commenced to compel performance of a public act or duty by a political subdivision of the Commonwealth, it shall be sufficient to name as defendants such officers in their official capacities as are concerned in the act or duty."

Plaintiff argues that the words "it shall be sufficient" are used in a strictly logical sense, meaning that it is permissible, but not necessary, to name such officers. This is clearly erroneous since the rule requires plaintiff to join as defendants those officers "as are concerned in the act or duty." What the rule means is that it is permissible to name only the official, and not the political subdivision, e.g.,

bring the action against the building inspector rather than the township.

It is also obvious that plaintiff, by not joining the zoning board as a defendant, was being consistent with his argument that the board, by not acting, had approved his application and would, therefore, be irrelevant in this mandamus action. The question narrows to whether it is essential to join the building inspector as a party defendant.

There is case law holding that in a mandamus action for the payment of a public debt, all officers responsible, including the treasurer who must sign the check, must be joined as necessary parties in order to accomplish complete relief. This rule applies even though the obligations of defendants are separate and consecutive, and their duties have not as yet arisen: Com. ex rel. Bell v. Powell, 249 Pa. 144, 94 Atl. 746 (1915); Swartley v. Baird, 347 Pa. 608, 32 A. 2d 874 (1943); Piccirilli v. Lewis, 282 Pa. 328, 127 Atl. 832 (1925); County Auditors v. County Commissioners, 28 Somerset 158 (1972).

Clearly, the building inspector is not an "indispensible" party that is essential to the court's jurisdiction. Rather, he might be a "necessary" party, i.e., one whose joinder is essential to complete relief but not to jurisdiction. If he is such, he should be joined, either by plaintiff or by the court on its own motion. See, County Auditors, supra, at 160-161; 8 Standard Pa. Pract., §§45 and 46.

This problem of joinder has not been litigated in regard to compelling issuance of building permits. The major justification for requiring joinder is simply judicial economy and avoidance of a series of mandamus actions: Labette County Commissioners v. U.S., 112 U.S. 217 (1884); Powell v. Shepard, 381 Pa. 405, 113 A. 2d 261 (1955); Com. ex rel. Bell

v. Powell, supra. This is also in keeping with Pa.R.C.P. 2229(b) which allows a plaintiff to: " . . . join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action." However, in Humble Oil, supra, wherein the issue of joinder apparently was not raised, the only defendant was the borough and the Supreme Court did not hesitate to affirm the lower court's order directing the borough to issue a building permit. Moreover, joinder of the building inspector presumes that he will fail to perform his duty when ordered to do so, and we doubt the building inspector will not faithfully execute the functions of his office.[2]

After allowing the board 15 months to act, plaintiff served written notice that he would wait no longer and that he wanted the board to make a decision. Failure to render a decision within 45 days thereafter resulted in a decision deemed in favor of plaintiff, whose rights to the building permit immediately accrued. Since the absence of the building inspector is not fatal to the enforcement of those rights, the order of this date granting the complaint in mandamus is appropriate.

---

2. The court, on its own motion, could join the building inspector as authorized by Pa.R.C.P. 2232(c). However, we do not believe the building inspector to be essential to jurisdiction, nor necessary to effect an adequate remedy. See Humble Oil, supra; County Auditors v. County Commissioners, supra, at 161.

## ORDER

And now, January 30, 1978, plaintiff's complaint in mandamus of February 27, 1976, is granted.

A writ of mandamus is issued directing defendant, Upper Moreland Township, to issue a building permit to plaintiff, Daniel S. Bready, as to premises located at 215 Summit Avenue, Willow Grove, Upper Moreland Township, in accordance with the said plans as presented to the zoning hearing board of Upper Moreland Township on June 13, 1974, and to the township on January 26, 1976.