## DUCKWALL v. WILLIAMS.

[No. 3,497. Filed March 11, 1902. Rehearing denied June 17, 1902. Transfer denied October 17, 1902.]

APPEAL AND ERROR.—*Harmless Error.*—Sustaining a demurrer to a good paragraph of pleading is harmless, where there is another paragraph under which the same facts may be proved. *p. 651.*

SAME.—*Evidence.*—The Appellate Court will not weigh conflicting evidence to determine the preponderance. *p. 653.*

EVIDENCE.—*Attorney's Fees.*—A judgment for defendant in an action by an attorney for preparing and filing a brief in the Appellate Court will not be reversed on the evidence, where the defendant testified that he knew nothing about the preparation of the brief, and never knew that such a brief was filed, and this evidence was uncontradicted. *pp. 652, 653.*

TRIAL.—*Instructions.*—*Time of Offering.*—Error can not be predicated upon the court's refusal to give an instruction requested after the close of the evidence, and during and immediately before the closing of the argument to the jury. *pp. 653, 654.*

EVIDENCE.—*Attorney's Fees.*—Where in an action by an attorney for services in a street improvement proceeding the value of the services was in question, there was no error in admitting in evidence the record and proceedings in the street improvement case. *p. 654.*

From Delaware Circuit Court; *J. G. Lefler*, Judge.

Action by Joseph F. Duckwall against John Williams on account for legal services. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*J. F. Duckwall* and *G. H. Koons*, for appellant.

*R. S. Gregory, A. C. Silverburg, O. J. Lotz* and *W. J. Lotz*, for appellee.

ROBINSON, P. J.—Appellant sued upon an account for legal services. Appellee answered in five paragraphs, the fifth of which pleaded a set-off. The error, if any, in sustaining a demurrer to the second paragraph of reply to the fifth paragraph of answer, was harmless, because the fourth paragraph of reply, to which a demurrer was overruled, is directed to the same answer, and pleads substantially the same facts, as the second paragraph. Erroneously sustaining a demurrer to a good paragraph of a pleading is harmless error, if there is another paragraph under which the same facts may be proved. *Mason v. Mason,* 102 Ind. 38; *Luntz v. Greve,* 102 Ind. 173. Appellant's complaint seeks to recover a fee of $50 for services in a street improvement case, and also a fee of $100 for filing a brief in the Supreme Court in another and different case.

As to the street case, there was evidence that appellant was to receive $15 for his services, and that the same had been paid. The evidence is directly conflicting, and we can not weigh it and determine where the preponderance lies. The complaint seeks to recover a fee in but one street case. It appears that appellee and one Keesling had been sued, in separate suits, upon subscriptions to a proposed corporation; that the venue in appellee's case was changed; the case finally tried in the Henry Circuit Court, and afterwards appealed to the Supreme Court, and transferred to

and decided by the Appellate Court. *Williams* v. *Citizens, etc., Co.,* 25 Ind. App. 351. Appellant testified that after the trial in the circuit court appellee employed him to prepare and file the brief on appeal, which he did, and that nothing was said at the time as to what the fee should be. He also introduced evidence that the preparation and filing of the brief were worth $100.

Appellee and Keesling were both permitted to testify that soon after they were sued appellant agreed to defend both suits, which were alike, in the circuit court, and, if necessary, appeal one of them, all for $100. That is, that appellant was employed to take the case to the Appellate Court, if necessary, but that it was all in one contract by which he was to act in both courts for the amount named. In rebuttal, appellant introduced in evidence a record from a justice of the peace court showing that appellant had sued appellee and Keesling for $100 for services in defending those suits in the circuit court, and that a judgment by confession for $60,—a set-off having been allowed,—was rendered in appellant's favor. That judgment was rendered while the appeal in the other case was pending in the Appellate Court. There could have been no harmful error in permitting appellee and Keesling to testify to the contract, for the reason that the jury found against appellee upon that matter, by finding as a fact that the judgment before the justice did not include any services rendered appellee or Keesling in the matter of the appeal, and that appellee and Keesling agreed to pay appellant $100 for his services in defending the suits in the circuit court.

Appellant's evidence makes a case of a contract between appellant and appellee by which appellee employed him to prepare and file the brief, nothing having been agreed as to what the fee should be. Appellee denied having employed appellant to prepare and file the brief, and the jury find as a fact that appellee did not employ appellant to prepare and file the brief, and that he did not agree to pay him for

such brief. It is true the evidence that the brief was prepared and filed in the case is not contradicted, and the jury find that appellant did prepare and file the brief; but appellee testified that he knew nothing about the preparation of the brief, and never knew that any such brief had been filed. This testimony of appellee is not contradicted, and there is nothing in the record to show that the brief was prepared and filed under such circumstances that it can be held that this was done with the knowledge and consent of appellee. The evidence does not show such an acceptance of the work as that the law will imply a promise to pay what it is reasonably worth. See *Palmer* v. *Miller,* 19 Ind. App. 624.

Appellee, over appellant's objection, was permitted to introduce in evidence the docket of a justice of the peace, showing that appellant, a short time before he begun this action, filed with the justice a complaint to recover only the $100 sued for in this action, and that on the following day he dismissed the cause and withdrew the complaint. There is nothing in the complaint in that case necessarily harmful to appellant. It appears that the claim for the fee in the street case could have been sued for in that action, but was not. In this action he sues for both, and the fact that he did not embrace both claims in the prior action was a circumstance tending to show what appellant at that time considered the condition of the account between them. See *Holland* v. *Spell,* 144 Ind. 561. Even if it should be conceded that the evidence was not material, we can not say that its admission was reversible error.

Appellant has discussed, at some length, the evidence. While the evidence upon one or two points is not as clear as it might be, yet, after a careful reading of the record, it can not be said there is no evidence to support the jury's conclusion. We can not weigh the evidence to determine the preponderance.

Pittsburgh, etc., R. Co. *v.* Mahoney.

Error can not be predicated upon the court's refusal to give an instruction requested "after the close of the evidence and during and immediately before the closing of the argument to the jury." §542 Burns 1901; *Evansville, etc., R. Co.* v. *Crist,* 116 Ind. 446, 2 L. R. A. 450, 9 Am. St. 865; *Cleveland, etc., R. Co.* v. *Ward,* 147 Ind. 256; *Lake Erie, etc., R. Co.* v. *Brafford,* 15 Ind. App. 655.

There was no error in admitting in evidence the record and proceedings in the street case. The value of appellant's services was in question. He testified what he did in relation to the case, and introduced evidence as to the value of the services. The record itself went to the question of what services were actually performed, from which the value was to be determined. Judgment affirmed.