### GEORGE v. WRIGHT.   (No. 370.)*

(Court of Civil Appeals of Texas. Waco. May 27, 1926. Rehearing Denied July 1, 1926.)

**1. Appeal and error ⬤⟶722(1).**

Assignments of error may be filed independently of motion for new trial, and be considered on appeal, though motion sought to raise same questions.

**2. Appeal and error ⬤⟶722(1)—Appellant may treat paragraphs in motion for new trial as assignments of error, or file independent assignments; statute being directory only (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612).**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, appellant may treat paragraphs of motion for new trial as assignments of error, or file independent assignments, whether case has been tried before court or jury, and whether submitted on special issues or general charge; statute being directory, and not mandatory.

**3. Attorney and client ⬤⟶166(3).**

In suit for attorney's fees, pleadings in action for which fee was charged *held* properly admitted to show issues involved, as bearing on reasonableness of attorney's fees.

**4. Attorney and client ⬤⟶166(3).**

In suit for attorney's fees, evidence as to truth or falsity of charges in pleadings in action for which fee was charged *held* properly excluded, as immaterial.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit by C. A. Wright against T. B. George. Judgment for plaintiff, and defendant appeals. Affirmed.

Mays & Mays and Dave T. Miller, all of Fort Worth, for appellant.

Ocie Speer, of Austin, and C. A. Wright, of Fort Worth, for appellee.

STANFORD, J. Suit by appellee for attorney's fees in the sum of $218. In response to special issues, the jury found as follows: (1) It was not the mutual intention of both parties that the sum of $150 as a fee was to include the services of plaintiff on behalf of defendant, in the event of an appeal of the case of Bannister v. George; (2) that $150 would be a reasonable fee for plaintiff in prosecuting an appeal in the case of Bannister v. George; (3) that $150 would be a reasonable fee for plaintiff in representing defendant in the case of Bannister v. George in the district court; (4) that $60 would be a reasonable fee for plaintiff in representing defendant in the various other small cases and matters shown by the evidence.

The appellee in his pleading admitted appellant had paid him $142. On the findings of the jury and the admitted payment, the court rendered judgment for appellee for

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction November 10, 1926.

$218. Other facts will be stated in connection with the disposition of appellant's assignments.

## Opinion.

[1, 2] Appellant presents only three assignments of error, and under these assignments the only contentions raised are that the court erred in permitting a part of Bannister's pleading in the original cause of Bannister v. George, to be read in evidence, in which Bannister alleged, in substance, that appellant George, by threats, etc., coerced and forced him to execute a release of the cause of action therein set up, and that the court also erred, after said pleading had been admitted, in refusing to permit appellant and his wife to testify that said charges of threats, etc., were false, and that Bannister signed said release voluntarily, etc. These three assignments, copied in appellant's brief and raising the above questions, were filed in the trial court independently of the motion for new trial and long after said motion had been overruled, although certain paragraphs of the motion in a very abbreviated form sought to raise the same questions. Appellee objects to our considering these assignments independent of the paragraphs of the motion. There is no merit in this contention. Our Supreme Court has settled the question that the provision of article 1612, Vernon's Sayles' Statutes, "Provided, that where a motion for new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error," is not mandatory, but only directory, and that whether a case has been tried before the court or a jury, and whether submitted on special issues or a general charge, the appellant is at liberty to treat the paragraphs of the motion for a new trial as the assignments, or to file additional and independent assignments. Phillips Petroleum Co. v. Booles et ux., 276 S. W. 667, and cases cited.

[3, 4] As shown by appellee's pleading, he sought to recover for legal services rendered to appellant in the original case of Bannister v. T. B. George, in the district court of Tarant county, $150 for services in the trial court and $150 for services on appeal, alleging said amounts were reasonable charges, and also $60 for several small cases, admitting appellant was entitled to a credit of $142, leaving a balance of $218 sued for. Appellant denied that he owed appellee anything, and pleaded that he had a contract with appellee, by the terms of which appellee agreed to represent him in all the courts in the Bannister Case for $150, and that he had paid said amount. Bannister's pleading in said original cause, setting up duress by fraud, threats, etc., in order to set aside a release he had executed to appellant, George, which the court permitted to be read to the jury over appellant's objection, was admitted only for the purpose of showing, as far as it might, the nature of the issue involved in said original suit, and so the amount of work and character of work required to be performed by appellee in defending appellant against the Bannister suit, in order that the jury in this case might be able to determine what was a reasonable charge. Appellant and his wife testified that said charges made in the Bannister pleading were false, after which, upon objection, the court withdrew their evidence on that point and instructed the jury that the truth or falsity of said charges was not in issue, and that they would not consider any evidence offered by either side as tending to show the truth or falsity of said charges; that said evidence was admitted only for the purpose of showing the issues involved in said original case, as bearing upon the reasonableness of the attorney's fees. The pleading in the Bannister Case, we think, was admissible for the purpose for which it was offered and admitted, and that the court was correct in refusing to permit appellant to go into the truth or falsity of said charges. Appellant presents no assignment questioning the sufficiency of the evidence to support the findings of the jury, nor the amount so found. The record shows no reversible error.

The judgment of the trial court is affirmed.