## CHARLES S. LOWELL v. ELIZABETH J. CONNOLLY AND OTHERS.[1]

March 1, 1929.

No. 27,048.

*W. E. Barnacle,* for appellant.
*Briggs, Weyl & Briggs,* for respondents.

HILTON, J.

Appeal by plaintiff from an order denying his motion for a new trial.

Action by attorney to recover $250 for legal services claimed to have been rendered. There are 25 defendants who are the heirs at

[1]Reported in 223 N. W. 786.

law of Michael J. Martin, who died testate in Dakota county. By his will his property went to his nephews and nieces, the defendants here, many of whom plaintiff had never seen or known. The case was tried to a jury. At the close of plaintiff's case the court granted defendants' motion for dismissal of the action.

Plaintiff prepared a will for John E. Martin, a brother of Michael J. Martin, in which the latter was named as the principal beneficiary, the other beneficiaries being the widow and three sisters of testator. After the death of John E. Martin on February 22, 1923, plaintiff acted as attorney for Michael J. Martin in litigation growing out of the administration of the estate. In that litigation the widow claimed that she was entitled to all of the property except legacies of $1,000 each to the three sisters. In the probate court plaintiff's client was successful, but an appeal was taken to the district court. While the appeal was pending, Michael J. Martin died testate on October 12, 1924. The defendants here are the only ones now interested in the outcome of that district court appeal. They hired other attorneys to take charge of the case. These attorneys did all the necessary work therein in the district court and also on appeal to the supreme court.

Plaintiff filed a claim against the Michael J. Martin estate and received payment for services rendered to decedent. He claims that he continued to act in the case and that he is entitled to compensation therefor. In his complaint he alleges that on and between October 15, 1924, and September 15, 1925, at the special instance and request of the defendants, he rendered and performed professional advice and services for them of the reasonable worth and value of $250, of which no part has been paid. The answer, in addition to a general denial, denies that they retained plaintiff or that they are indebted to him in any sum whatever. There was no evidence offered as to any specific agreement. Plaintiff prepared a petition for the appointment of a special administrator in the Michael J. Martin estate which was never filed. There was no necessity for it as the executor named in the will petitioned for general administration and it was had. Plaintiff looked over the

record and briefs in the office of the clerk of the supreme court which had been prepared by the retained attorney on the appeal to that court. None of the defendants knew that he did this or requested that it be done. Plaintiff claims to have talked with only two or three of the defendants and with the husband of another, none of whom appear to have had any authority to speak for the remaining heirs.

At the trial in the district court, after the death of Michael J. Martin, on the appeal of the widow in the matter of the John E. Martin estate, plaintiff announced that he appeared for all of the heirs. There was nothing to substantiate his authority so to do. Another attorney appeared for 16 of the heirs with a properly signed designation therefor and afterwards appeared for all of them. An attorney appeared for the executor named in the will. Plaintiff took no part at the trial other than to testify as a witness when called for that purpose. There is an absence of proof that plaintiff was retained by any of the heirs; in fact, notwithstanding the allegations of the complaint, he admits that he was not.

He relies here for his recovery upon a quantum meruit. It is true that in the absence of an express agreement, the law may imply a contract from the circumstances or the acts of the parties; and where there is nothing from which a contrary intention or understanding is to be inferred, it is a just and reasonable presumption that he who has received the benefit of the services or property of another impliedly undertakes to make compensation therefor. Deane v. Hodge, 35 Minn. 146, 27 N. W. 917, 59 Am. R. 321. The situation here is not one coming within that rule. There was no express contract, nor can a contract be implied from the facts. Defendants did not accept or avail themselves of his services, if any were rendered.

The trial court, in dismissing the action, said: "The court can't see that you had any contract with anybody authorized to make the contract on behalf of these heirs." The motion for a dismissal was properly granted.

Order affirmed.