# EDWARD J. LEE v. SIDNEY B. WOOLSEY.[1]

December 23, 1932.

No. 29,159.

*Edward J. Lee* and *Frederick P. Warber,* for appellant.
*Chester W. Johnson* and *Dan J. O'Connell,* for respondent.

HOLT, J.

Appeal by plaintiff from the order denying his motion in the alternative for judgment notwithstanding the verdict or a new trial.

Plaintiff, an attorney at law, was retained by defendant to secure

[1]Reported in 246 N. W. 25.

a divorce from his wife. The grounds that defendant claimed to have for divorce were desertion and infidelity. The wife had left defendant's home, taking their six-year old adopted daughter with her, about a year and a half before plaintiff was retained. She had made no claim for support for herself or child since she deserted defendant. About a week after being retained, defendant was asked to bring to plaintiff $200. He did so, and plaintiff gave defendant a receipt therefor, reciting it was "to apply on fees." Defendant testified that when plaintiff said that $200 would have to be paid and defendant responded that that was more than the whole thing ought to come to, plaintiff replied: "Well, possibly when this is all over you will have some coming back."

The action was not begun until seven or eight months after plaintiff was employed. No answer was put in, but an attorney appeared for the wife, and after several interviews between the attorneys a stipulation was signed under which the wife was to retain the custody of the child, no alimony or support money for the child was to be awarded by the decree, and the rights in the home and household goods of the wife were to be terminated absolutely. Plaintiff also obtained from the wife's parents a release of defendant from a claim of some $700 which they asserted for boarding the child mentioned. The home was estimated worth about $6,000, subject to a mortgage of $1,200. The household goods were valued at $400. After the stipulation was obtained plaintiff caused the case to be advanced on the calendar, and it was tried as a default divorce case in the middle of September, 1931.

This action was brought, alleging that the services rendered by plaintiff were worth $750. The answer averred that the agreement was that the fees should be $75 plus $25 per day for the days spent in court in the trial, and defendant counterclaimed for $75. The trial was to a jury, the court charging that the only issue to be determined was the reasonable value of plaintiff's services. If such value was found to be greater than the $200 paid, there should be a verdict for plaintiff for the excess; if less, the verdict should be for defendant for the difference. The verdict was for defendant in the sum of $23.78.

The specifications of error in the motion for a new trial cover 17 pages of the record, including some 34 items exclusive of subdivisions. No useful purpose would be served by discussing the errors assigned seriatim. Appellant has made no effort to group them, nor have any errors been assigned in the brief other than by reference to the motion for a new trial. After an attentive reading of the record, we find nothing that merits attention except alleged errors relative to the admission of the testimony of defendant's experts as to the value of the services, and the contention that defendant was not entitled to recover in this action if the $200 paid exceeded the value of the services.

Plaintiff attached to the complaint a bill of particulars specifying over 100 items, consisting of conferences with the client, interviews with his witnesses, hours spent in looking up the law and drafting the summons and complaint with affidavits attached, procuring the signatures to the affidavits, appearances in court, consultation with the wife's attorney, obtaining stipulation from him freeing defendant from her support and that of the child, securing to defendant the home and household goods, proving up the case on the ground of desertion, and drawing the findings, all taking place between December 8, 1928, and September 17, 1929. Plaintiff also summarized the actual time devoted to the case to have been 20 full days. He went into great detail in his testimony in direct examination, and, of course, was forced on cross-examination to describe with minuteness how so much time could have been employed. He had two attorneys at law who heard his testimony, and, on the assumption that the work done was necessary and that it consumed the time plaintiff testified to, who valued the services at from $750 to $1,000.

Defendant called three attorneys in Minneapolis as experts on the value of legal fees in this sort of a case. They had cursorily examined the judgment roll in the divorce action, the affidavits attached thereto, and other documents plaintiff had drawn. They had not been in court when plaintiff testified. They were not required, in giving their estimates of value, to assume the truth of

plaintiff's assertion that he spent 20 full days of time or that it was reasonably necessary to spend that time in securing the divorce, but were asked what the services were worth in this particular divorce case, the grounds being desertion and infidelity, considering the property involved, the earning capacity of defendant, the fact of there being an adopted child, and the result achieved by defendant. To this there were objections of various kinds, chiefly that the hypothetical questions did not assume the truth of plaintiff's testimony.

We think the learned trial court correctly ruled that defendant had the right to frame the hypothetical questions on the basis that the jury could find defendant's evidence as to number and length of consultations pertaining to the case true, and also on the basis of what would ordinarily be required in a case where the wife's desertion was attended with such circumstances as here indisputably existed. In this situation there seems no good reason why an attorney of some experience in divorce litigation could not give an opinion of the reasonable value of the attorney's fees for obtaining a decree. The parties and witnesses were all in the city where the trial was had. The wages defendant was earning and the value and encumbrance on his property were not in dispute. The decree disclosed the result of the suit. The real dispute was whether or not there was a reasonable necessity for the time plaintiff claimed he spent and whether or not defendant's contention was true that many of the interviews or telephone calls were without purpose and unrelated to the divorce suit. Each party had the right to elicit from its expert witnesses an opinion of value on the theory that the jury could find from the evidence that the services were of the extent, difficulty, and result embraced in the hypothetical questions asked. The law on hypothetical questions is well understood. 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 3337:

"Such a question must be based on facts admitted, or established, or which, if controverted, might reasonably be found by the jury," and cases are cited sustaining the text.

After defendant's experts had given their opinion as to the value of plaintiff's services, the court gave counsel for plaintiff the greatest latitude in cross-examination. It was only when questions similar to the following were asked that objections were sustained:

"What is your opinion in regard to the decision of the supreme court of the state of Minnesota in the case of Eriksson v. Boyum, 150 Minn. 192? * * * What is your opinion as to the powers of the court under the laws of Minnesota to grant to the wife support and maintenance out of the property owned by the husband? * * * What in your opinion can the court under the laws of the state of Minnesota decree for the benefit of a child in the custody of the mother?"

The rulings were so obviously right that no attorney was justified in even preserving an exception thereto. We feel that both parties went so thoroughly into the examination and cross-examination of witnesses on the value of plaintiff's services, the only issue in the case, that the jury could not go astray for lack of information on every factor that entered into a fair determination thereof. The court was fully justified in restraining cross-examination when it threatened to extend into entirely irrelevant fields. Nothing can be found in the learned trial court's rulings or the charge which can give either party the opportunity justly to claim that his cause did not receive a full, fair, and impartial hearing and consideration; and they must abide the verdict, which cannot be held by this court either contrary to law or to the evidence. There is certainly nothing from which it can be inferred that passion or prejudice moved the jury.

The only remaining question which merits attention on this appeal is that the court erred in allowing a verdict against plaintiff in case the jury found that the services were worth less than the $200 paid to apply thereon. Defendant pleaded as a counterclaim that plaintiff was retained upon the agreement that he should receive $75 plus $25 per day for the days spent in the trial of the case. The court charged the jury that the agreement was not proved, but

there is no reason why the rights of the parties should not be fully and finally adjusted in this lawsuit. It stood admitted that defendant had paid him $200 on account or to apply on his services. It was not a retainer. Plaintiff did not contend that the worth of his services was agreed upon. He sued for their reasonable value. When that was fixed at less than the $200, defendant was entitled to the difference, and the answer may be considered amended accordingly.

The order is affirmed.