STATE EX REL. HARRY H. PETERSON v. DISTRICT COURT
OF RAMSEY COUNTY AND ANOTHER.
STATE EX REL. PATRICK H. DONOVAN v. STAFFORD KING.[1]

December 20, 1935.

Nos. 30,581, 30,586.

[1]Reported in 264 N. W. 227.

*Harry H. Peterson,* Attorney General, *Frederic A. Pike,* Deputy Attorney General, *David J. Erickson,* Assistant Attorney General, and *William D. Gunn,* for relator-appellant.

*Bradford, Cummins & Cummins* and *Elmquist, Felhaber & Elmquist,* for Stafford King, respondent.

HOLT, JUSTICE.

*Mandamus* on relation of Patrick H. Donovan to compel the state auditor, Stafford King, to issue and deliver to relator warrants for the sum of $12,499 for certain lands in Scott county purchased by the state highway department. King made a return to the alternative writ admitting that the owners of the lands conveyed the same for highway purposes with unrestricted right to improve and beautify the same; that the highway department agreed to pay the sum mentioned therefor; that the commissioner of highways approved warrants for said sum and that respondent King was requested to issue and deliver the same; that the purchase of said land had never been authorized or approved by the commission of administration and finance; that prior to January 15, 1935, the commissioner of highways had not determined that the acquisition of the lands referred to was needed or necessary in laying out and constructing a trunk highway; that the warrants mentioned were drawn for payment out of the trunk highway fund; that the commissioner of highways did not acquire said lands for trunk highway purposes, but in truth and fact acquired same for use in and about the construction of camps and housing facilities for transients, for recreational centers, for parks and game preserves, and that the commissioner of highways well knew when said lands were acquired that he and other officials of the state had devised and perfected a plan and scheme to divert and use trunk highway funds of the state for the acquisition of said lands and other real estate, adjacent thereto, for the purpose of building and creating an extensive and elaborate system of transient camps, recreational centers, parks, and game refuges; that respondent has made investigation

and found the facts as before stated, and also that the actual value of the lands herein involved did not exceed the sum of $3,284.60, instead of the sum of $12,500, which the commissioner of highways authorizes to be paid therefor. This recital is deemed sufficient to show the main issues as made by respondent's return. The return was signed by respondent and also by attorneys employed by him at his own expense.

Thereafter the attorney general of the state moved the court for an order striking out the return of King and setting aside the appearances made by the counsel employed by him. In the affidavit supporting the motion the attorney general states that he tenders a proposed answer which he advises the state auditor to adopt as the answer and return to the alternative writ. The court denied the motion, but in the memorandum attached to the order indicated that "all parties" conceded the right of the attorney general "to appear and be heard in answer to the writ, and file his return thereto." The attorney general seeks to review the order by appeal and on *certiorari*. Respondent raises no objection to the jurisdiction of this court, but there can be no doubt that the order is not appealable. It is not a final order. And it may well be doubted whether *certiorari* may be resorted to to bring to this court for review an order which neither disposes of an issue in the proceeding nor excludes the attorney general from asserting the rights or interests of the state therein in any manner he may see fit. But, since this court has a certain discretion in the matter of reviewing nonappealable orders by *certiorari* and neither party to the *mandamus* action questions the right of this court to pass on the merits of the order, we shall so do without further consideration of the procedure. The question before us is: Where in a *mandamus* proceeding against the state auditor he has signed and verified his return or answer, also signed by legal counsel employed at his own expense, has the attorney general the absolute right to have such return or answer stricken and the counsel of the auditor ousted from participating in the proceeding?

The authority and duty of the attorney general to enter and participate in any litigation wherein he deems the interests of the

state or any of its departments are involved is conceded. And we need not go outside of our own decisions to vindicate the power and authority of the attorney general, a constitutional state officer. State ex rel. Young v. Village of Kent, 96 Minn. 255, 104 N. W. 948, 1 L.R.A.(N.S.) 826, 6 Ann. Cas. 905; State ex rel. Young v. Robinson, 101 Minn. 277, 112 N. W. 269, 20 L.R.A.(N.S.) 1127; State ex rel. Young v. Standard Oil Co. 111 Minn. 85, 126 N. W. 527; State ex rel. Schmidt v. Youngquist, 178 Minn. 442, 227 N. W. 891; State ex rel. Peterson v. City of Fraser, 191 Minn. 427, 254 N. W. 776; State ex rel. Cassill v. Peterson, 194 Minn. 60, 259 N. W. 696.

But while it is conceded that the attorney general may come into any litigation in which the rights or interests of the state are at stake, it is readily conceivable that situations may arise where the dispute is between two departments of the state or between two state officers or between a state department and a state officer as to whether one has so complied with the law that the other must approve or be forced to approve what the one has done. The state auditor is a constitutional officer. Minn. Const. art. 5, § 1. He is by law charged with many important duties. See chapter 3A and §§ 65 to 80-1, 1 Mason Minn. St. 1927. Many other provisions of the statutes place upon him duties in the performance of which he must exercise his judgment as to the legality of his own acts. A mere glance at the index in 2 Mason Minn. St. 1927 under the title "State Auditor" is enough to show that in very many matters he is required to act for the state on his independent judgment. Of course he has the right to seek and obtain the advice of the attorney general. By statute (1 Mason Minn. St. 1927, § 53-36), the commissioner of highways is in charge of the department of highways; and lands acquired under eminent domain statutes for trunk highways are selected by him. When such lands are to be purchased or paid for, the warrant must be issued by the auditor on the trunk highway fund. If such lands so acquired are not for the use of a trunk highway but for some other purpose, no matter how worthy, the auditor would have no right or authority to issue a warrant on the trunk highway fund in payment. The attorney general acts on behalf of the commissioner of highways in proceedings to acquire

lands for trunk highways, and, no doubt, in the acquisition by purchase of lands needed for such purpose it is the duty of the attorney general to advise the commissioner. From the showing made on this motion of the attorney general to strike out the return of King to the alternative writ of *mandamus*, there appears to be a decided difference of opinion between the attorney general and the state auditor on two vital propositions, *viz.:* (a) Whether the lands involved were acquired by the commissioner for a trunk highway so that a warrant therefor could lawfully be issued payable out of the trunk highway fund; and (b) whether the price to be paid therefor was so excessive as to avoid the deal. It seems from the correspondence set out in the affidavits of the auditor and attorney general that the latter is of the opinion that purchase made by the commissioner was for a lawful purpose and that the relator in the *mandamus* proceeding was entitled to the warrant for the amount stated drawn upon the trunk highway fund. Where, as here, there is a dispute brought into court which involves the acts and duties of two state officials affecting the rights of the state and the public, the attorney general cannot, in the nature of things, represent both parties to the suit. He must perforce represent and espouse the cause which, under the law, he deems for the best interest of the state or the public. While in this *mandamus* proceeding Donovan is relator and King the respondent, it is clear that relator must depend on the validity of the act of the commissioner of highways, a state officer or official in charge of the highway department, as opposed to the contention of the respondent therein, the state auditor. It is not here necessary to set out any of the correspondence contained in the affidavits referred to. It is enough to say that the attorney general denied knowledge of any facts which, in his opinion, justify the auditor's refusal to issue and deliver the warrant demanded by relator; and that, on the other hand, the auditor thinks that the facts alleged in his return can be proved and that his duty under the law is to refuse to draw a warrant payable out of the trunk highway fund. Even as an individual, King must have a right to make a defense when the court is about to compel him to do what he believes to be an unlawful

act. In State ex rel. Amerland v. Hagan, 44 N. D. 306, 175 N. W. 372, an original proceeding in the supreme court to enjoin the commissioner of agriculture and labor, *ex officio* member of the workmen's compensation bureau, from enforcing the workmen's compensation law of that state, the attorney general appeared and moved to strike from the record the answer of the bureau, on the ground that the attorney general, as such, is the sole legal counsel of such bureau and the only person entitled to appear in its behalf. The court, in the syllabus, held:

"* * * that any board or department of the state government have the right to personally appear in their own defense before this court, and that the attorney general, although he is by statute the legal adviser of the departments of the state government and entitled to represent them in actions, sustains, nevertheless, in such actions a relation similar to that of attorney and client, and he may not overrule or entirely disregard rights of defense or of personal appearance that such departments may desire to assert."

There is nothing in our statutes which forbids a state officer from answering when sued as such, or from employing attorneys to appear for him in such suit. 1 Mason Minn. St. 1927, §§ 109 and 114, which provides that the attorney general shall appear for the state in the supreme and federal courts in all cases where the state is directly interested; also in all civil causes of like nature in the district court whenever, in his opinion, the interests of the state require it; and that he shall act as attorney for all state officers, and when public welfare, in his judgment, requires, he may employ a special attorney and fix the compensation; and whenever the attorney general, the governor, and the chief justice of the supreme court in writing certify that it is necessary in the proper conduct of the legal business of the state to employ additional counsel, the attorney general may employ such counsel. In § 114 two exceptions are found. The first is: "Except as herein provided, no board, commission or officer shall hereafter employ any attorney at the expense of the state." And this concluding sentence of the section: "Except as herein stated no additional counsel shall be employed, and the legal

business of the state shall be performed exclusively by the attorney general and his assistants." The first exception impliedly concedes that an officer may employ his own counsel when sued, but that counsel so employed cannot be paid by the state. The last exception charges the attorney general and his assistants with all the legal business of the state; but it is evident that the main purpose of the whole section is to prevent officers, boards, and commissions of the state employing legal counsel at the expense of the state. We are of the opinion that the court below did not err when refusing to strike the return and answer of the auditor from the files. The attorney general is permitted to come into the case and represent the interests of the state or any of its departments therein as he may deem proper. Should he come to the conclusion that the commissioner of highways purchased these lands for the construction or improvement of a trunk highway, and that the price is not so excessive as to vitiate the transaction, the court would undoubtedly permit his proposed answer to be amended or his pleading so framed as to espouse the cause of the relator in this proceeding. We are not without example of litigation where the attorney general came into a case, but the case was permitted to be carried on to the great advantage of the state, mainly by attorneys not connected with or employed by the attorney general. Regan v. Babcock, 188 Minn. 192, 247 N. W. 12.

We are cited to authorities from other states by the attorney general, all of which have been examined. They are all, as far as general statements therein are made of the authority and power of the attorney general to appear for the state in any litigation involving the state's rights or interests, substantially the same as in our cases first above referred to. But when considered in connection with the issues and parties involved, the cited cases afford us little, if any, assistance. For instance, Orton v. State, 12 Wis. 567, and Randall v. State, 16 Wis. 362, were cases where attorneys, who had rendered services, sued the state to recover the value, but where no statute authorized the official who employed them to do so at the expense of the state. The same was the case in Cahill v. Board of State Auditors, 127 Mich. 487, 86 N. W. 950, 55 L. R. A. 493.

State ex rel. Board of Transportation v. The Fremont, Elkhorn & Mo. Valley R. Co. 22 Neb. 313, 35 N. W. 118, was an original application in the supreme court to *mandamus* respondent, a carrier, to reduce its freight rates as directed by relator, the board of transportation of the state. And both asked that the case be continued for some time. The board and the carrier compromised. The attorney general did not agree thereto and desired the action to proceed speedily to judgment so that the authority of the board over the subject matter might be determined; and the court held that the attorney general had the authority to bring the case for trial when he wished. The strongest support for the attorney general's contention is Piccirilli v. Lewis, 282 Pa. 328, 127 A. 832, the syllabus stating: "Where a proceeding is required to be under the control of the attorney general, private counsel cannot properly appear of record without the consent of that officer." That was an action in *mandamus* against the state auditor and treasurer to pay to the plaintiff therein money properly due from the state. The attorney general appeared in the court below, and on his motion that court struck from the record the names of respondent's private counsel. In support of the ruling the supreme court said [282 Pa. 336]:

"It suffices that section 509 [of the administrative Code] makes it unlawful for any department or officer to employ an attorney to represent such department or officer 'in any matter or thing relating to the public business, * * * without the approval in writing of the attorney general'; and section 903(b) makes it his power and duty 'to represent the Commonwealth, or any department * * * or officer thereof, in any litigation to which the Commonwealth or such department * * * or officer may be a party.'" It is further stated in the opinion [282 Pa. 336]: "Of course, appellants may, at their own expense, employ private counsel to present their view on the governmental matters with which they are particularly acquainted, or in which they are interested; and any court will be glad to receive such aid." But the attorney general's motion in the supreme court to strike the names of the private counsel of the officers from the record was discharged, the

court saying [282 Pa. 337]: "They were entitled to have the decision of the court below on that point reviewed by us, without interference from any source, and to be represented by their own counsel in obtaining it."

Under the circumstances detailed in the affidavits of the attorney general and the respondent upon the hearing of the motion, the trial court rightly refused to strike out the return made by respondent and rightly refused to strike the names of the attorneys who appeared for him without expense to the state.

The appeal is dismissed; and, on *certiorari*, the order of the court below is affirmed.