# CHARLES C. KOLARS v. KATOLICKY DELNIK.[1]

April 24, 1936.

No. 30,693.

[1]Reported in 266 N. W. 705.

184

*Junell, Driscoll, Fletcher, Dorsey & Barker* and *Malcolm B. Mc-Donald,* for appellant.

*Doherty, Rumble & Butler* and *Moonan & Moonan,* for respondent.

HOLT, JUSTICE.

Defendant appeals from the order denying its motion in the alternative for judgment notwithstanding the verdict or a new trial.

Plaintiff sued to recover the reasonable value of the services he rendered in the merger of the Western Bohemian Catholic Union with defendant Katolicky Delnik, both being fraternal beneficiary associations, the first mentioned being organized and existing under the laws of Iowa and defendant under the laws of this state. Proposals of merger started in 1926, but plaintiff seems not to have been requested to aid until in the spring of 1927, and he was, perhaps, not formally employed until the summer of 1928. The merger was accomplished November 30, 1929. It is not necessary to enumerate or give a synopsis of the work plaintiff did. The contract of merger and the resolution authorizing the execution of the contract, passed by the supreme governing body of each association, were both drawn by plaintiff and contain this provision of present importance:

"Upon the consummation of the merger, all expenses incident thereto, not already paid by the parties, shall be paid by the first party [defendant] after the same shall have been approved by the respective Insurance Departments of the two states."

In June, 1930, plaintiff filed with the insurance departments a bill of $7,500 for his services and $226.59 for expenses. The insurance commissioner of the state of Iowa deemed it not within his duties to pass on the bill. The insurance commissioner of this state advised that plaintiff and defendant agree as to the fees, saying, in substance, that it would be not only embarrassing but difficult for him to value the services. The parties did not come to any agreement, and this action resulted. Under that situation the trial court held that plaintiff was entitled to maintain his action for the reasonable value of his services and expenses. The jury returned a verdict of $6,291.51.

There are numerous assignments of error, but appellant's attorneys have conveniently grouped them and predicate their main argument upon the force and effect to be given 1 Mason Minn. St. 1927, § 3470 (L. 1919, c. 42). If their contention is correct that action of the insurance commissioner upon plaintiff's bill is a condition precedent to suit, there should be judgment notwithstanding the verdict. That section was undoubtedly enacted to curb abuses that had arisen in the merger of associations of this sort. It reads:

"All necessary and actual expenses and compensation incident to the proceedings provided hereby shall be paid as provided by such contract of consolidation, merger or reinsurance, provided, however, that no brokerage or commission shall be included in such expenses and compensation or shall be paid to any person by either of the parties to any such contract in connection with the negotiation therefor or execution thereof, nor shall any compensation be paid to any officer or employe of either of the parties to any such contract for directly or indirectly aiding in effecting such contract of consolidation, merger or reinsurance. An itemized statement of all such expenses shall be filed with the insurance commissioner, or commissioners, as the case may be, subject to approval, and when approved the same shall be binding on the parties thereto. Except as fully expressed in the contract of consolidation, merger or reinsurance, or itemized statement of expenses, as approved by the commissioner, or commissioners of insurance, as the case may be, no compensation shall be paid to any person or persons, and no officer or employe of the state shall receive any compensation, directly or indirectly, for in any manner aiding, promoting or assisting any such consolidation, merger or reinsurance."

The succeeding section makes it a felony to violate any provision of L. 1919, c. 42, punishable by fine not exceeding $5,000, or by imprisonment not exceeding five years, or by both fine and imprisonment. It is to be noted that the provisions of § 3470 are directed against the parties to the contract of merger—the two associations here. Neither of them can pay any commissions or brokerage, nor can anything be paid to any officer or employe of either company

involved in the contract or to any officer or employe of the state for aid in consummating a merger, consolidation, or reinsurance. There cannot be read into the statute a provision that an attorney, employed to give advice and to formulate the contract of merger and the documents authorizing its execution, must submit his bill for services to the insurance commissioner and obtain his approval before he can maintain suit thereon. This law need not be construed as conferring judicial powers upon an administrative officer, and thus be subject to constitutional objections. Taking all the provisions of L. 1919, c. 42, into consideration, it gives the insurance commissioner authority to supervise the merger, consolidation, or reinsurance of two associations of this sort so that, in the contract, they may not provide for the payment of certain services nor compensate certain specified officials and employes for their aid. However, they may agree to pay for legitimate services, but only when approved by the insurance commissioner. There is nothing to show that the person who has rendered such legitimate services must secure the approval of the insurance commissioner as to their value before resorting to the courts for redress. There is really nothing in the whole act which makes the insurance commissioner the arbitrator between the merged associations and an attorney employed to render the legal assistance required in consummating the merger. The trial court took the view that plaintiff had done all that was necessary when he presented his itemized bill to the defendant, which had agreed to pay for his services, and payment had been refused. We think this was correct. Counsel for appellant concedes that if the insurance commissioner of this state had disapproved the bill suit would lie. Declining to act, except upon compliance with a condition not imposed by the law, must be equivalent to a refusal to approve. In whatever way the facts are here viewed, the only issue for the jury was the reasonable value of the services of plaintiff. It matters not which association first employed him, his work was for both, and defendant, which absorbed the assets and membership of the Iowa association, agreed to pay the legitimate expenses. The recitals in the contract, drawn by plaintiff, but to which he was not a party, cannot bind or estop him

from suit when the statute does not prohibit it. Frankly counsel admits that in states having statutes similar to our § 3470 he has found no decision sustaining his contention. It is said that Austin v. National Cas. Co. 125 Minn. 390, 147 N. W. 281, tends in that direction. A mere casual examination of the issues there involved and of the statute then applicable thereto will show such difference that no help can here be obtained from that decision. There the plaintiff's contract with the defendant, upon which his compensation depended, was to secure the consent of the insurance department of this state to the consolidation involved.

Defendant cites and relies by analogy upon arbitration provisions in insurance policies and construction contracts, and upon statutes requiring bills or demands to be first presented to municipalities for auditing or allowance before suit may be maintained. Examples of such cases are Gasser v. Sun Fire Office, 42 Minn. 315, 44 N. W. 252; St. Paul S. D. & Lbr. Co. v. Berkner, 137 Minn. 402, 163 N. W. 668; State Bank v. Vlaar, 124 Minn. 78, 144 N. W. 458; Old Second Nat. Bank v. Town of Middletown, 67 Minn. 1, 69 N. W. 471; State ex rel. Barber Asphalt Pav. Co. v. District Court, 90 Minn. 457, 97 N. W. 132. Where a party by contract has stipulated for a condition precedent to suit, or a statute so provides, suit does not lie until the condition precedent is fulfilled. But, as we construe § 3470, there is no condition precedent required of one having a legitimate claim against a fraternal beneficiary association for attorney's services in a merger proceeding before he can sue therefor. The statute is directed against the officers of the association prohibiting their paying such claim until they have secured the approval of the insurance commissioner. It is up to them to secure action from the latter so as to avoid the penalty of § 3471. There is no question of the insurance business being one of public interest and subject to control by the state. Glidden Co. v. Retail Hardware Mut. F. Ins. Co. 181 Minn. 518, 223 N. W. 310, 77 A. L. R. 616, affirmed in 284 U. S. 151, 52 S. Ct. 69, 76 L. ed. 214, upholding as constitutional the arbitration clause in our fire insurance policies as to the amount of loss.

The amount of the verdict is assailed. The expenses, we understand, are not questioned. The jury fixed the value of plaintiff's services at $6,000. Plaintiff had three lawyers who testified and defendant two. All were outstanding men in the profession. Defendant's witnesses placed the value as low as $1,000, plaintiff's as high as $12,000. It is plain this court is not justified in disturbing the verdict as excessive. No useful purpose would be attained in detailing the work plaintiff did.

Certain errors are assigned on rulings upon evidence offered at the trial. We think the ruling was entirely proper excluding the first paragraph of exhibit P, which was a self-serving statement as to defendant's estimate of reasonable attorney's fees. No prejudice could come to the defendant from that part of witness Drozd's examination in respect to the work done by plaintiff after the merger was accomplished on November 30, 1929, for the court specifically instructed the jury that no recovery could be had by plaintiff for any work done after that date.

In respect to the refusal to give certain requested instructions, we think No. III was adequately covered in the charge. There was no testimony which enabled a jury to determine what work of plaintiff was of a merely routine or mechanical value so as to make applicable People v. Board of Supervisors, 164 App. Div. 89, 149 N. Y. S. 572. What has just been stated applies to the requested instruction No. IV. In respect to the requested instruction No. V, to the effect that if the jury found that it was necessary for plaintiff to perform services as an actuary he could not recover therefor on the basis that legal services could be charged for, but on the basis of the reasonable value of an actuary's services, it is enough to say that the actuarial work of any consequence done by plaintiff was done after November 30, 1929, and the court limited recovery to work done prior to December 1, of that year, so no harm could come to defendant by a refusal to give the instruction requested. The requested instructions Nos. VI and VII were properly refused. What was the reasonable value of the services of others, lay or professional, employed by the associations in accomplishing the merger, was not a proper issue in this trial, nor did either pleadings or evidence raise any

issues that plaintiff's work was not done as rapidly and as accurately as possible.

The order is affirmed.