## M. J. DALY v. P. H. DONOVAN.[1]

June 18, 1937.

No. 31,311.

*H. A. Irwin,* for appellant.

*John L. Connolly, J. J. Daly, M. J. Daly* and *Louis P. Sheahan,* for respondent.

[1]Reported in 273 N. W. 814.

GALLAGHER, CHIEF JUSTICE.

Appeal by the defendant from an order denying a motion for a new trial after verdict in plaintiff's favor for the sum of $1,600.

Plaintiff is an attorney practicing his profession at Belle Plaine, this state. Defendant is a resident of Sibley county. He owns land located in the vicinity of Shakopee. Some time prior to the commencement of the employment involved herein defendant entered into a contract with the state for the sale by him to the state of certain tracts of land for the sum of $12,500. Instruments of conveyance were duly executed, and defendant was given a voucher for the sum agreed upon. The state auditor refused to honor this voucher. Following such action defendant consulted plaintiff and retained him as his counsel in connection with the controversy. Plaintiff first conferred with the state auditor for the purpose of ascertaining the reasons why payment was not made to defendant in accordance with the purchase agreement. Failing in his efforts to persuade the auditor to yield in his position, plaintiff instituted *mandamus* proceedings in the district court of Ramsey county. While this action was pending a dispute arose between the attorney general and the state auditor as to the right of the latter to be represented by private counsel. The issue involved in that controversy reached this court for determination. State ex rel. Peterson v. District Court, 196 Minn. 44, 264 N. W. 227. While it may be said that the interest of defendant in the controversy between the attorney general and the state auditor was secondary to the main question involved, that interest nevertheless was of such a nature that, although it may not have required plaintiff's services, it was so closely associated with defendant's rights that it was entirely proper for plaintiff as defendant's counsel to confer with and assist the other counsel involved in the case.

Following a determination of the controversy on the appeal to the supreme court, negotiations were had whereby the state proceeded to condemn the land in question, and upon an award being made in defendant's favor in the sum of the original amount agreed upon plus interest thereon in accordance with the agreement, the state officials then recognized the validity of the proceedings and

paid the award, amounting to the sum of $13,936.50. There was no agreement fixing the amount of the compensation plaintiff was to be paid, although he testified that defendant on one occasion stated that he would be paid $50 for each trip to St. Paul. This conversation was denied by defendant. According to plaintiff's claims, he made approximately 36 trips to St. Paul either in connection with the *mandamus* action pending in Ramsey county or for conferences with the representatives of the attorney general's office, with counsel for the state auditor, or in preparing for the trial of the *mandamus* action by working in the state law library. In addition to this, plaintiff testified that he had a great many conferences with defendant at his office and carried on some correspondence.

Only two questions are seriously pressed by appellant. One of these has to do with the sufficiency of the evidence to justify the verdict, and the other with the receipt in evidence of a record used on the appeal in the case of State ex rel. Peterson v. District Court, 196 Minn. 44, 264 N. W. 227. We will discuss the disputed questions separately.

■ The pleadings admit the employment. The defendant contends that the amount awarded is excessive. It hardly seems necessary to refer to the rule that requires the payment of reasonable fees for services rendered when the amount to be paid is not agreed upon in the contract for employment. Southworth v. Rosendahl, 133 Minn. 447, 158 N. W. 717, 3 A. L. R. 468; Oxborough v. St. Martin, 169 Minn. 72, 210 N. W. 854, 49 A. L. R. 1115; Lowell v. Connolly, 176 Minn. 498, 223 N. W. 786; 2 Thornton, Attorneys, § 447; 5 Am. Jur., Attorneys, § 198. In arriving at what is reasonable the jury may take into consideration the time involved, the importance of the case to the client, and the results achieved. Selover v. Bryant, 54 Minn. 434, 56 N. W. 58, 21 L. R. A. 418, 40 A. S. R. 349; Stevens v. Wisconsin Farm Land Co. 124 Minn. 421, 145 N. W. 173. The value of the services may be shown by the opinion of practicing attorneys, including the opinion of the plaintiff. Leonard v. Rosendahl, 133 Minn. 320, 158 N. W. 419; Lee v. Woolsey, 187 Minn. 659, 246 N. W. 25. But such opinion is not conclusive upon the jury. Morris v. Wulke, 141 Minn. 27, 169 N.

W. 22. In this case the jury had the benefit of plaintiff's testimony to the effect that the reasonable value of his services was the sum of $3,500; other witnesses fixed the value of the services at $3,484, and from $2,090 to $2,787. Defendant cannot complain because the jury awarded to plaintiff less than the evidence would have permitted. Under the testimony there was ample evidence to sustain the verdict. Kolars v. Katolicky Delnik, 197 Minn. 183, 266 N. W. 705.

■ Over defendant's objection plaintiff's exhibit B was admitted into evidence. This exhibit consisted of a record of the appeal to the supreme court in the case of State ex rel. Peterson v. District Court, 196 Minn. 44, 264 N. W. 227. It is true that a part of the record had no particular bearing upon the issues involved in this case. However, we do not see how the record could have been prejudicial to the defendant. If it was not examined by the jurors no harm resulted; if it was examined by the jurors the extent of plaintiff's participation in the matters included was ascertainable. In either event, plaintiff testified at length as to the part he took in the various legal proceedings. If there was any error in admitting that part of the record not material to the issues it was without prejudice to the defendant. Duckwall v. Williams, 29 Ind. App. 650, 63 N. E. 232; Clark v. Ellsworth, 104 Iowa, 442, 73 N. W. 1023; George v. Wright (Tex. Civ. App.) 286 S. W. 656; McKane v. Gordon, 85 Vt. 253, 81 A. 637; Thorp v. Ramsey, 51 Wash. 530, 99 P. 584; Clark v. Schwaegler, 104 Wash. 12, 175 P. 300.

The order appealed from is affirmed.